UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| COMCAST IP HOLDINGS I, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 1:12-cv-00205 RGA |
| SPRINT COMMUNICATIONS COMPANY | ) | |
| L.P.; SPRINT SPECTRUM L.P.; and | ) | DEMAND FOR JURY TRIAL |
| NEXTEL OPERATIONS, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |

## <u>COMCAST'S FIRST AMENDED COMPLAINT</u>

Plaintiff Comcast IP Holdings I, LLC ("Comcast") for its first amended complaint

for patent infringement against Defendants Sprint Communications Company L.P.

("Sprint Communications"), Sprint Spectrum L.P. ("Sprint Spectrum"), and Nextel

Operations, Inc. ("Nextel Operations") (collectively, "Sprint") alleges as follows:

### <u>THE PARTIES</u>

1.      Plaintiff Comcast is a limited liability company organized under the laws

of the State of Delaware, with its principal place of business in Wilmington, Delaware.

2.      Defendant Sprint Communications is a limited partnership organized

under the laws of the State of Delaware, with its principal place of business in Overland

Park, Kansas.

3.      Defendant Sprint Spectrum is a limited partnership organized under the

laws of the State of Delaware, with its principal place of business in Overland Park,

Kansas.

4.      Defendant Nextel Operations is a corporation organized under the laws of the State of Delaware, with its principal place of business in Overland Park, Kansas.

## JURISDICTION AND VENUE

5.      This action arises under the United States patent laws, 35 U.S.C. §§ 101, *et seq.* The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.      Each of the Defendants transacts business within the judicial district and has committed acts of patent infringement within the judicial district. The Court therefore has personal jurisdiction over each of the Defendants.

7.      Further, each of the Defendants is subject to this Court's jurisdiction by virtue of their incorporation in Delaware and their having availed themselves of the laws and protections of this district.

8.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400(b).

## FIRST CAUSE OF ACTION
### (SPRINT'S INFRINGEMENT OF U.S. PATENT NO. 7,012,916)

9.      Comcast restates and realleges the allegations set forth in paragraphs 1 through 8 above and incorporates them by reference.

10.      Comcast is the lawful owner, by assignment, of the entire right, title, and interest in United States Patent No. 7,012,916 ("the '916 patent"), entitled "Method And Apparatus For Accessing Communication Data Relevant To A Target Entity Identified By A Number String," which was issued on March 14, 2006 to inventors Colin Low and Andrew Seaborne. A copy of the '916 patent is attached hereto as Exhibit A.

11.      Sprint has been and now is infringing the '916 patent, within this judicial district and elsewhere, by making, using, offering for sale, and/or selling products and services that access communications data relevant to a target entity identified by a

2

number string.  Such products and services include, without limitation, Sprint's wireless telephony services (such as, for example, services currently or previously provided under Sprint's Basic, Talk, Simply Everything, Everything Data, Everything Messaging, Everything Plus, and Any Mobile Anytime wireless plans), Sprint's Wholesale telephony services (such as, for example, Sprint's Wholesale VoIP Solutions and Partner Interexchange Network services), Sprint's enterprise and business voice products and services (such as, for example, Sprint's Managed IP Telephony services), Sprint's SMS products and services for wireless (such as, for example, services currently or previously provided under Sprint's Vision Pack, Unlimited Texting, Wireless Texting and Wireless Premium Text Message plans), Sprint's MMS products and services for wireless (such as, for example, Sprint Wireless Picture Mail, Sprint Wireless Video Mail, and Sprint Mobile Email), Sprint Unified Communications, and Sprint Collaboration services that provide voice, telephony, conferencing, and messaging services.

12.     On information and belief, Sprint has had knowledge of the '916 patent since at least November 5, 2008 or shortly thereafter and Sprint's infringement has been willful since that time.

13.     Comcast has been damaged by Sprint's infringement of the '916 patent, has been irreparably harmed by that infringement, and will suffer additional damages and irreparable harm unless this Court enjoins Sprint from further infringement.

**SECOND CAUSE OF ACTION**
**(SPRINT'S INFRINGEMENT OF U.S. PATENT NO. 7,206,304)**

14.     Comcast restates and realleges the allegations set forth in paragraphs 1 through 13 above and incorporates them by reference.

15.     Comcast is the lawful owner, by assignment, of the entire right, title, and interest in United States Patent No. 7,206,304 ("the '304 patent"), entitled "Method And Apparatus For Determining A Telephone Number For Accessing A Target Entity," which

3

was issued on April 17, 2007 to inventors Colin Low and Andrew Seaborne.  A copy of the '304 patent is attached hereto as Exhibit B.

16.    Sprint has been and now is infringing the '304 patent, within this judicial district and elsewhere, by making, using, offering for sale, and/or selling products and services that determine a telephone number for accessing a target entity.  Such products and services include, without limitation, Sprint's wireless telephony services (such as, for example, services currently or previously provided under Sprint's Basic, Talk, Simply Everything, Everything Data, Everything Messaging, Everything Plus, and Any Mobile Anytime wireless plans), Sprint's Wholesale telephony services (such as, for example, Sprint's Wholesale VoIP Solutions and Partner Interexchange Network services), Sprint's enterprise and business voice products and services (such as, for example, Sprint's Managed IP Telephony services), Sprint's SMS products and services for wireless (such as, for example, services currently or previously provided under Sprint's Vision Pack, Unlimited Texting, Wireless Texting and Wireless Premium Text Message plans), Sprint's MMS products and services for wireless (such as, for example, Sprint Wireless Picture Mail, Sprint Wireless Video Mail, and Sprint Mobile Email), Sprint Unified Communications, and Sprint Collaboration services that provide voice, telephony, conferencing, and messaging services.

17.    On information and belief, Sprint has had knowledge of the '304 patent since at least November 5, 2008 or shortly thereafter and Sprint's infringement has been willful since that time.

18.    Comcast has been damaged by Sprint's infringement of the '304 patent, has been irreparably harmed by that infringement, and will suffer additional damages and irreparable harm unless this Court enjoins Sprint from further infringement.

**THIRD CAUSE OF ACTION**
**(SPRINT'S INFRINGEMENT OF U.S. PATENT NO. 7,903,641)**

19.     Comcast restates and realleges the allegations set forth in paragraphs 1 through 18 above and incorporates them by reference.

20.     Comcast is the lawful owner, by assignment, of the entire right, title, and interest in United States Patent No. 7,903,641 ("the '641 patent"), entitled "Method And Apparatus For Accessing Communication Data Relevant To A Target Entity Identified By A Number String," which was issued on March 8, 2011 to inventors Colin Low, Andrew Seaborne, and Nicolas Bouthors.  A copy of the '641 patent is attached hereto as Exhibit C.

21.     Sprint has been and now is infringing the '641 patent, within this judicial district and elsewhere, by making, using, offering for sale, and/or selling products and services that access communication data relevant to a target entity identified by a number string.  Such products and services include, without limitation, Sprint's wireless telephony services (such as, for example, services currently or previously provided under Sprint's Basic, Talk, Simply Everything, Everything Data, Everything Messaging, Everything Plus, and Any Mobile Anytime wireless plans), Sprint's Wholesale telephony services (such as, for example, Sprint's Wholesale VoIP Solutions and Partner Interexchange Network services), Sprint's enterprise and business voice products and services (such as, for example, Sprint's Managed IP Telephony services), Sprint's SMS products and services for wireless (such as, for example, services currently or previously provided under Sprint's Vision Pack, Unlimited Texting, Wireless Texting and Wireless Premium Text Message plans), Sprint's MMS products and services for wireless (such as, for example, Sprint Wireless Picture Mail, Sprint Wireless Video Mail, and Sprint Mobile Email), Sprint Unified Communications, and Sprint Collaboration services that provide voice, telephony, conferencing, and messaging services.

5

22.     Comcast has been damaged by Sprint's infringement of the '641 patent, has been irreparably harmed by that infringement, and will suffer additional damages and irreparable harm unless this Court enjoins Sprint from further infringement.

## FOURTH CAUSE OF ACTION
### (SPRINT'S INFRINGEMENT OF U.S. PATENT NO. 6,873,694)

23.     Comcast restates and realleges the allegations set forth in paragraphs 1 through 22 above and incorporates them by reference.

24.     Comcast is the lawful owner, by assignment, of the entire right, title, and interest in United States Patent No. 6,873,694 ("the '694 patent"), entitled "Telephony Network Optimization Method And System" which was issued on March 29, 2005 to inventor Greg Lipinski.  A copy of the '694 patent is attached hereto as Exhibit D.

25.     Sprint has been and now is infringing the '694 patent, within this judicial district and elsewhere, by making, using, offering for sale, and/or selling products and services using telephony network optimization methods.  Such products and services include, without limitation, Sprint's wireless telephony offerings that support both voice and data (such as, for example, services currently or previously provided under Sprint's Basic, Talk, Simply Everything, Everything Data, Everything Messaging, Everything Plus, and Any Mobile Anytime wireless plans).

26.     Comcast has been damaged by Sprint's infringement of the '694 patent, has been irreparably harmed by that infringement, and will suffer additional damages and irreparable harm unless this Court enjoins Sprint from further infringement.

## FIFTH CAUSE OF ACTION
### (SPRINT'S INFRINGEMENT OF U.S. PATENT NO. 8,170,008)

27.     Comcast restates and realleges the allegations set forth in paragraphs 1 through 26 above and incorporates them by reference.

28.     Comcast is the lawful owner, by assignment, of the entire right, title, and interest in United States Patent No. 8,170,008 ("the '008 patent"), entitled "Method And

Apparatus For Accessing Communication Data Relevant To A Target Entity Identified By A Number String" which was issued on May 1, 2012 to inventors Colin Low, Andrew Seaborne, and Nicolas Bouthors.  A copy of the '008 patent is attached hereto as Exhibit E.

29.     Sprint has been and now is infringing the '008 patent, within this judicial district and elsewhere, by making, using, offering for sale, and/or selling products and services that access communications data relevant to a target entity identified by a number string.  Such products and services include, without limitation, Sprint's wireless telephony services (such as, for example, services currently or previously provided under Sprint's Basic, Talk, Simply Everything, Everything Data, Everything Messaging, Everything Plus, and Any Mobile Anytime wireless plans), Sprint's Wholesale telephony services (such as, for example, Sprint's Wholesale VoIP Solutions and Partner Interexchange Network services), Sprint's enterprise and business voice products and services (such as, for example, Sprint's Managed IP Telephony services), Sprint's SMS products and services for wireless (such as, for example, services currently or previously provided under Sprint's Vision Pack, Unlimited Texting, Wireless Texting and Wireless Premium Text Message plans), Sprint's MMS products and services for wireless (such as, for example, Sprint Wireless Picture Mail, Sprint Wireless Video Mail, and Sprint Mobile Email), Sprint Unified Communications, and Sprint Collaboration services that provide voice, telephony, conferencing, and messaging services.

30.     Comcast has been damaged by Sprint's infringement of the '008 patent, has been irreparably harmed by that infringement, and will suffer additional damages and irreparable harm unless this Court enjoins Sprint from further infringement.

**SIXTH CAUSE OF ACTION**
**(SPRINT'S INFRINGEMENT OF U.S. PATENT NO. 8,189,565)**

31.     Comcast restates and realleges the allegations set forth in paragraphs 1 through 30 above and incorporates them by reference.

32.     Comcast is the lawful owner, by assignment, of the entire right, title, and interest in United States Patent No. 8,189,565 ("the '565 patent"), entitled "Method And Apparatus For Accessing Communication Data Relevant To A Target Entity Identified By A Number String" which was issued on May 29, 2012 to inventors Colin Low, Andrew Seaborne, and Nicolas Bouthors.  A copy of the '565 patent is attached hereto as Exhibit F.

33.     Sprint has been and now is infringing the '565 patent, within this judicial district and elsewhere, by making, using, offering for sale, and/or selling products and services that access communications data relevant to a target entity identified by a number string.  Such products and services include, without limitation, Sprint's mobile services and applications using Sprint Web Services, Sprint Services Framework, Sprint Premium Messaging Gateway and Sprint Business Mobility Framework (such as, for example, NASCAR Sprint Cup Mobile, Sprint NBA Mobile, Sprint Football Live, prepaid account management, and applications for instant messaging, social networking and location-based services).

34.     Comcast has been damaged by Sprint's infringement of the '565 patent, has been irreparably harmed by that infringement, and will suffer additional damages and irreparable harm unless this Court enjoins Sprint from further infringement.

## PRAYER FOR RELIEF

**WHEREFORE**, Comcast prays for judgment:

1.      that Sprint has infringed and is infringing the '916 patent, the '304 patent, the '641 patent, the '694 patent, the '008 patent, and the '565 patent;

2.      that Sprint's infringement of the '916 patent and the '304 patent has been and is willful;

3.      enjoining Sprint and Sprint's officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, from infringing the '916 patent, the '304 patent, the '641 patent, the '694 patent, the '008 patent, and the '565 patent;

4.      awarding Comcast compensatory damages for Sprint's infringement, together with interest and costs pursuant to 35 U.S.C. § 284;

5.      awarding Comcast enhanced damages for Sprint's willful infringement of the '916 patent and the '304 patent;

6.      awarding Comcast reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and

7.      granting Comcast such other and further relief in law or in equity as this Court deems just or proper.

## DEMAND FOR JURY TRIAL

Comcast demands a trial by jury on all issues so triable.

Dated:  May 29, 2012

CONNOLLY BOVE LODGE & HUTZ LLP

By:  */s/ Arthur G. Connolly, III*

Of Counsel:

DAVIS POLK & WARDWELL LLP

Matthew B. Lehr (#2370)
Anthony I. Fenwick (*pro hac vice*)
David J. Lisson (*pro hac vice*)
Austin D. Tarango (*pro hac vice*)
Shiwoong Kim (*pro hac vice*)
1600 El Camino Real
Menlo Park, CA 94025
Telephone:  (650) 752-2000
Facsimile:   (650) 752-2111

Arthur G. Connolly, III (#2667)
Ryan P. Newell (#4744)
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE  19899
Tel:  (302) 658-9141
aconnollyiii@cblh.com
rnewell@cblh.com

*Attorneys for Comcast IP Holdings I, LLC*