# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SPRINT COMMUNICATIONS COMPANY L.P., | |
| *Plaintiff*, | C. A. No.: 1:12-cv-1013-RGA |
| v. | DEMAND FOR JURY TRIAL |
| COMCAST CABLE COMMUNICATIONS, LLC and COMCAST IP PHONE, LLC | |
| *Defendants*. | |

## JOINT PROPOSED FINAL JURY INSTRUCTIONS

Pursuant to D. Del. L.R. 51.1(a) and the Court's Guidelines for Civil Trials, the parties

submit the attached Joint Proposed Final Jury Instructions in triplicate.  Where there is

disagreement, separate proposed instructions are provided.  These instructions are also being

submitted on disk in WordPerfect 9.0 format.

MORRIS JAMES LLP

Richard Herrmann (#405)
Mary B. Matterer (#2696)
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
Tel:  (302) 886-6918
rherrmann@morrisjames.com
mmatterer@morrisjames.com

*Attorneys for Plaintiff*

CONNOLLY GALLAGHER

Arthur Connolly, III (#2667)
Ryan P. Newell (#4744)
1000 West St., Suite 1400
Wilmington, DE 19801
Tel:  (302) 757-7300
aconnolly@connollygallagher.com
renwell@connollygallagher.com

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| SPRINT COMMUNICATIONS COMPANY L.P., | |
| *Plaintiff*, | C. A. No.: 1:12-cv-1013-RGA |
| v. | DEMAND FOR JURY TRIAL |
| COMCAST CABLE COMMUNICATIONS, LLC and COMCAST IP PHONE, LLC | |
| *Defendants*. | |

## <u>PRELIMINARY JURY INSTRUCTIONS</u>

Members of the jury:

Now that you have been sworn, I have the following preliminary instructions for

guidance on your role as jurors in this case.

You will hear the evidence, decide what the facts are, and then apply those facts to the

law that I will give you.

You and only you will be the judge of the facts. You will have to decide what happened.

I play no part in judging the facts. You should not take anything I may say or do during the trial

as indicating what I think of the evidence or what your verdict should be.

Before I begin with those instructions, however, allow me to give you an overview of

who the parties are and what each contends.

<u>The Parties</u>

This is a civil case for patent infringement arising under the patent laws of the United

States.

The parties are Sprint Communications Company L.P., the plaintiff, whom I will refer to as "Sprint" and Comcast Cable Communications, LLC, and Comcast IP Phone, LLC, the defendants, whom I will refer to as "Comcast."

Sprint is the owner of United States Patent Nos. 5,742,605, 6,108,339, 6,870,832, and 5,793,853. The patents may be called the '605 patent, the '339 patent, the '832 patent, and the '853 patent, respectively, by the lawyers and witnesses in this case. Sprint contends that Comcast directly infringes the '605 patent, the '339 patent, the '832 patent, and the '853 patent. Comcast denies that it infringes the patents. It also contends that the patents are invalid.

<u>Summary of the Patent Issues</u>

In this case, you must decide several things according to the instructions that I shall give you at the end of the trial. Those instructions will repeat this summary and will provide more detail. In essence, you must decide the following issues:

1.      Whether Comcast directly infringes claim 1 of the '605 patent, claims 1, 7, 17, and 22 of the '339 patent, claims 1, 2, 5, and 7 of the '832 patent, and claims 10 and 22 of the '853 patent.

2.      **[SPRINT PROPOSAL]** Sprint alleges that Comcast infringes the '605 and '339 patents by making and using SONET **[COMCAST PROPOSAL]** ring **[END COMCAST PROPOSAL]** systems.

3.      Sprint alleges that Comcast infringes the '832 patent by using its CMS and IMS networks to provide XFINITY Voice service to subscribers.

4.      Sprint alleges that Comcast infringes the '853 patent by using its IMS network to provide XFINITY Voice service to subscribers. **[END SPRINT PROPOSAL]**

5. **[SPRINT PROPOSAL]** Whether Comcast can prove by clear and convincing evidence that the asserted claims of the Sprint patents are invalid. **[END SPRINT PROPOSAL]**

**[COMCAST PROPOSAL]** Whether any of the asserted claims of the Sprint patents are invalid. **[END COMCAST PROPOSAL]**

6. If you find any asserted claim is both infringed by Comcast and not invalid, the amount of damages adequate to compensate Sprint for the infringement.

<u>Conduct of the Jury</u>

Now, a few words about your conduct as jurors.

First, during the trial and until you have heard all of the evidence and retired to the jury room to deliberate, you are not to discuss the case with anyone, not even among yourselves. If anyone should try to talk to you about the case, bring it to my attention. There are good reasons for this ban on discussions, the most important being the need for you to keep an open mind throughout the presentation of the evidence. You must not talk with anyone about this case. This includes your family and friends.

If any lawyer, party, or witness does not speak to you when you pass in the hall, ride in the elevator, etc., remember it is because they are not supposed to talk or visit with you either. That is why you are asked to wear your juror tags. It shows that you are someone who is not to be approached in any way.

Second, do not read or listen to anything touching on this case other than what you hear in the courtroom. By that I mean, if there may be a newspaper article or radio or television report relating to this case, do not read the article or watch or listen to the report. In addition, do not try to do any independent research or investigation on your own on matters relating to the

#86807641v2

case. During the trial it may be necessary for me to talk with the lawyers out of your hearing by having a "sidebar." If that happens, please be patient. We are not trying to keep important information from you. These sidebars are necessary for me to fulfill my responsibility, which is to be sure that evidence is presented to you correctly under the law.  We will, of course, do what we can to keep the number and length of these sidebars to a minimum.

<u>Evidence</u>

The evidence from which you will find the facts will consist of the testimony of witnesses, and documents and other things admitted into evidence. In addition, the evidence may include certain facts as agreed to by the parties or as I instruct you.

The following things are not evidence:

1.      Statements, arguments, and questions of the lawyers for the parties in this case;

2.      Objections by lawyers;

3.      Any testimony I tell you to disregard; and

4.      Anything you may see or hear outside the courtroom.

You must make your decision based solely on the evidence that you see and hear in the courtroom.

There are rules that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that is not permitted by the rules of evidence, the lawyer may object. This simply means that the lawyer is requesting that I make a decision on a particular rule of evidence. You should not be influenced by a lawyer's objection or by my ruling on the objection. Objections to questions are not evidence. Lawyers have an obligation to their clients to make objections when they believe that evidence being offered is improper under the rules of evidence. If the objection is sustained,

4

ignore the question. If it is overruled, treat the answer like any other. If you are instructed that

some item of evidence is admitted for a limited purpose only, you must follow that instruction.

Also, certain testimony or other evidence may be ordered struck from the record, and you will be

instructed to disregard this evidence. Do not consider any testimony or other evidence that gets

struck or excluded. Do not speculate about what a witness might have said or what an exhibit

might have shown.

      There are two types of evidence that you may use in reaching your verdict. One type of

evidence is called "direct evidence." An example of "direct evidence" is when a witness testifies

about something that the witness knows through her own senses-something the witness has seen,

felt, touched or heard or did. If a witness testified that she saw it raining outside, and you

believed her, that would be direct evidence that it was raining. Another form of direct evidence is

an exhibit where the fact to be proved is its existence or current condition.

      The other type of evidence is "circumstantial evidence." "Circumstantial evidence" is

proof of one or more facts from which you could find another fact. If someone walked into the

courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that

would be circumstantial evidence from which you could conclude that it was raining. You should

consider both kinds of evidence that are presented to you. The law makes no distinction in the

weight to be given to either direct or circumstantial evidence. You are to decide how much

weight to give any evidence.

      Only the lawyers and I are allowed to ask questions of witnesses. You are not permitted

to ask questions of witnesses. If you wish, you may take notes during the presentation of

evidence, the summations of attorneys at the conclusion of the evidence, and during my

instructions to you on the law. My courtroom deputy will arrange for pens, pencils and paper.

Remember that your notes are for your own personal use-they are not to be given or read to anyone else.

As you see, we have a court reporter who will be transcribing the testimony during the course of trial. But you should not assume that the transcripts will be available for your review during your deliberations. Nor should you consider notes that you or fellow jurors may take as a kind of written transcript. Instead, as you listen to the testimony, keep in mind that you will be relying on your recollection of that testimony during your deliberations.

Note-taking is permitted, but it is not required. Each of you may take notes. No one is required to take notes.

Do not take your notes away from court. I repeat, please leave your notes in the jury room when you leave at night. At the conclusion of the case, after you have used your notes in deliberations, a court officer will collect and destroy them, to protect the secrecy of your deliberations.

Finally, do not reach any conclusion as to the claims until all of the evidence is in. Keep an open mind until you start your deliberations at the end of the case.

<u>Burden of Proof</u>

One legal concept you will hear about is the "burden of proof." Sprint has the burden of proving infringement and damages by what is called a preponderance of the evidence. That means Sprint has to produce evidence which, when considered in the light of all the facts, leads you to believe that what Sprint claims is more likely true than not. To put it differently, if you were to put Sprint's and Comcast's evidence on the opposite sides of a scale, the evidence supporting Sprint's claims would have to make the scales tip somewhat on its side.

6

In this case, Comcast contends that Sprint's patents are invalid. Comcast has the burden of proving invalidity of Sprint's patents by what is called clear and convincing evidence. Proof by clear and convincing evidence is evidence that produces an abiding conviction that the truth of a factual contention is highly probable. Proof by clear and convincing evidence is thus a higher burden than proof by a preponderance of the evidence.

Credibility of Witnesses

You are the sole judges of each witness's credibility. You should consider each witness's means of knowledge; strength of memory; opportunity to observe; how reasonable or unreasonable the testimony is; whether it is consistent or inconsistent; whether it has been contradicted; the witness's biases, prejudices, or interests; the witness's manner or demeanor on the witness stand; and all circumstances that, according to the evidence, could affect the credibility of the testimony.

If you find the testimony to be contradictory, you must try to reconcile it, if reasonably possible, so as to make one harmonious story of it all. But if you cannot do this, then it is your duty and privilege to believe the portions of testimony that, in your judgment, are most believable and disregard any testimony that, in your judgment, is not believable.

Course of the Trial

The trial will now begin.  First, we will play a video that provides some background on the patent system. After that, each side may make an opening statement. An opening statement is neither evidence nor argument. It is an outline of what that party intends to prove, and is presented to help you follow the evidence as it is offered.

After the opening statements, Sprint will present its witnesses, and Comcast may cross-examine them. Then Comcast will present its witness, and Sprint may cross-examine them.

#86807641v2

After all of the evidence is presented, I will give you instructions on the law, both orally and in writing, and describe for you in some detail the matters you must resolve.  The attorneys will make their closing arguments to summarize and interpret the evidence for you.  You will then retire to the jury room to deliberate on your verdict.  At the end of this trial and before you begin your deliberations, I will read and give you a copy of written instructions on the law.

AUTHORITY:

Adapted from: Uniform Jury Instructions for Patent Cases in the United States District Court for the District of Delaware (March 1993) ("Delaware Uniform Patent Jury Instructions"); *Silver Peak Sys., Inc. v. Riverbed Tech., Inc.*, C.A. No. 11-484-RGA-CJB, Final Jury Instructions [D.I. 281] § 1.1 (D. Del. Apr. 1, 2014).

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SPRINT COMMUNICATIONS COMPANY L.P., | |
| *Plaintiff*, | C. A. No.: 1:12-cv-1013-RGA |
| v. | DEMAND FOR JURY TRIAL |
| COMCAST CABLE COMMUNICATIONS, LLC and COMCAST IP PHONE, LLC | |
| *Defendants*. | |

## JURY INSTRUCTIONS

ANNOTATED VERSION

Date:   [Insert]

## TABLE OF CONTENTS

1.   GENERAL INSTRUCTIONS ................................................................. 1

     1.1.   INTRODUCTION ................................................................. 1

     1.2.   JURORS' DUTIES ................................................................. 2

     1.3.   BURDENS OF PROOF ................................................................. 3

     1.4.   EVIDENCE DEFINED ................................................................. 4

     1.5.   CONSIDERATION OF EVIDENCE ................................................................. 6

     [SPRINT PROPOSAL] ................................................................. 7

     1.6.   DIRECT AND CIRCUMSTANTIAL EVIDENCE ................................................................. 7

     1.7.   CREDIBILITY OF WITNESSES ................................................................. 8

     1.8.   NUMBER OF WITNESSES ................................................................. 10

     1.9.   EXPERT WITNESSES ................................................................. 11

     1.10.  DEPOSITION TESTIMONY ................................................................. 12

     1.11.  DEMONSTRATIVE EXHIBITS ................................................................. 13

     1.12.  USE OF NOTES ................................................................. 14

2.   THE PARTIES AND THEIR CONTENTIONS ................................................................. 15

     2.1.   THE PARTIES ................................................................. 15

     2.2.   SUMMARY OF CONTENTIONS ................................................................. 16

3.   PATENT INFRINGEMENT ................................................................. 17

     3.1.   PATENT CLAIMS ................................................................. 17

     3.2.   DEPENDENT AND INDEPENDENT CLAIMS ................................................................. 19

     3.3.   OPEN ENDED OR "COMPRISING" CLAIMS ................................................................. 21

     3.4.   CONSTRUCTION OF CLAIMS ................................................................. 22

     3.5.   PATENT INFRINGEMENT -- GENERALLY ................................................................. 23

     3.6.   LITERAL INFRINGEMENT ................................................................. 24

#86807641v2

3.7.    DOCTRINE OF EQUIVALENTS ...................................................... 26

    3.7.1.  LEVEL OF ORDINARY SKILL .............................................. 28

[COMCAST PROPOSAL] ....................................................................... 29

3.8.    SITUATIONS WHERE THE DOCTRINE OF EQUIVALENTS IS NOT PERMITTED ...................................................................................... 29

4.    VALIDITY DEFENSES ............................................................................ 31

4.1.    INVALIDITY - GENERALLY ................................................................ 31

4.2.    ANTICIPATION - GENERALLY ........................................................... 32

4.3.    ANTICIPATION - PRIOR PRINTED PUBLICATION ...................................... 35

4.4.    ANTICIPATION – PRIOR INVENTION ............................................... 37

[COMCAST PROPOSAL] ....................................................................... 38

4.5.    ANTICIPATION BY PRIOR PUBLIC USE ....................................... 38

[COMCAST PROPOSAL] ....................................................................... 39

4.6.    ANTICIPATION BY PRIOR U.S. PATENT APPLICATION ........................... 39

4.7.    OBVIOUSNESS .................................................................................. 40

    4.7.1.  OBVIOUSNESS - SCOPE AND CONTENT OF THE PRIOR ART ..... 42

    4.7.3.  OBVIOUSNESS – DIFFERENCES OVER THE PRIOR ART AND MOTIVATION TO COMBINE ............................................. 44

    4.7.4.  OBJECTIVE CRITERIA CONCERNING OBVIOUSNESS (SECONDARY CONSIDERATIONS) .................................... 46

5.    DAMAGES ............................................................................................. 48

5.1.    DAMAGES - INTRODUCTION .......................................................... 48

5.2.    REASONABLE ROYALTY AS A MEASURE OF DAMAGES ...................... 50

5.3.    FACTORS FOR DETERMINING REASONABLE ROYALTY ...................... 52

6.    DELIBERATION AND VERDICT ............................................................ 55

6.1.    INTRODUCTION ................................................................................ 55

ii

6.2.    UNANIMOUS VERDICT ...................................................................................... 56

6.3.    DUTY TO DELIBERATE .................................................................................... 58

6.4.    SOCIAL MEDIA ................................................................................................. 59

6.5.    COURT HAS NO OPINION ............................................................................... 60

#86807641v2

# 1.     GENERAL INSTRUCTIONS

## 1.1.     INTRODUCTION

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

I will start by explaining your duties and the general rules that apply in every civil case.

Then I will explain some rules that you must use in evaluating particular testimony and evidence.

Then I will explain the positions of the parties and the law you will apply in this case.

And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say. In following my instructions you must follow all of them and not single out some and ignore others. They are all important.

You will have your written copy of these instructions with you in the jury room for your reference during your deliberations. You will also have a verdict form, which will list the questions that you must answer to decide this case.

AUTHORITY:

Adapted from: Uniform Jury Instructions for Patent Cases in the United States District Court for the District of Delaware (March 1993) § 1.1 ("Delaware Uniform Patent Jury Instructions"); *Comcast IP Holdings I, LLC v. Sprint Commc'ns Co. L.P.*, C.A. No. 12-205-RGA-CJB, Final Jury Instructions [D.I. 332] § 1.1 (D. Del. Oct. 14, 2014); *Silver Peak Sys., Inc. v. Riverbed Tech., Inc.*, C.A. No. 11-484-RGA-CJB, Final Jury Instructions [D.I. 281] § 1.1 (D. Del. Apr. 1, 2014); *LG Electronics, Inc. v. Asko Appliances, Inc.*, C.A. No. 08-cv-828-RGA, Final Jury Instructions [D.I. 711] § 1.1 (D. Del. Nov. 29, 2012).

## 1.2.    JURORS' DUTIES

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide the issues presented to you on the verdict form. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

AUTHORITY:

Adapted from: Delaware Uniform Patent Jury Instructions § 1.2; *Comcast IP Holdings I, LLC v. Sprint Commc'ns Co. L.P.*, C.A. No. 12-205-RGA-CJB, Final Jury Instructions [D.I. 332] § 1.2 (D. Del. Oct. 14, 2014); *Silver Peak Sys., Inc. v. Riverbed Tech., Inc.*, C.A. No. 11-484-RGA-CJB, Final Jury Instructions [D.I. 281] § 1.2 (D. Del. Apr. 1, 2014); *LG Electronics, Inc. v. Asko Appliances, Inc.*, C.A. No. 08-cv-828-RGA, Final Jury Instructions [D.I. 711] § 1.2 (D. Del. Nov. 29, 2012).

## 1.3.    BURDENS OF PROOF

In any legal action, facts must be proven by a required standard of evidence, known as

the "burden of proof." In a patent case such as this, there are two different burdens of proof.  The

first is called "preponderance of the evidence." The second is called "clear and convincing

evidence."

This is a civil case in which Sprint Communications Company L.P. (whom I refer to as

"Sprint") is accusing Comcast Cable Communications, LLC, and Comcast IP Phone, LLC

(whom I refer to as "Comcast") of patent infringement.

Sprint has the burden of proving patent infringement by what is called a preponderance of

the evidence. That means Sprint has to produce evidence which, when considered in light of all

of the facts, leads you to believe that what Sprint claims is more likely true than not.  To put it

differently, if you were to put Sprint's and Comcast's evidence on the opposite sides of a scale,

the evidence supporting Sprint's claims would have to make the scales tip somewhat on Sprint's

side.

In this case, Comcast is alleging that Sprint's patents are invalid. Comcast has the burden

of proving that Sprint's patents are invalid by clear and convincing evidence. Clear and

convincing evidence is evidence that produces an abiding conviction that the truth of a factual

contention is highly probable. Proof by clear and convincing evidence is thus a higher burden

than proof by a preponderance of the evidence.

AUTHORITY:

Adapted from: Delaware Uniform Patent Jury Instructions § 1.3; *Comcast IP Holdings I, LLC v.
Sprint Commc'ns Co. L.P.*, C.A. No. 12-205-RGA-CJB, Final Jury Instructions [D.I. 332] § 1.3
(D. Del. Oct. 14, 2014); *Silver Peak Sys., Inc. v. Riverbed Tech., Inc.*, C.A. No. 11-484-RGA-
CJB, Final Jury Instructions [D.I. 281] § 1.3 (D. Del. Apr. 1, 2014); *LG Electronics, Inc. v. Asko
Appliances, Inc.*, C.A. No. 08-cv-828-RGA, Final Jury Instructions [D.I. 711] § 1.3 (D. Del.
Nov. 29, 2012).

### 1.4.    EVIDENCE DEFINED

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, the stipulations that the lawyers agreed to, and the facts that I have judicially noticed.

Nothing else is evidence. The lawyers' statements and arguments are not evidence.  Their questions and objections are not evidence. My legal rulings are not evidence. My comments and questions are not evidence.

During the trial I may have not let you hear the answers to some of the questions that the lawyers asked. I also may have ruled that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes I may have ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way. Sometimes testimony and exhibits are received only for a limited purpose. When I give an instruction regarding that limited purpose, you must follow it.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

AUTHORITY:

Delaware Uniform Patent Jury Instructions § 1.4; *Comcast IP Holdings I, LLC v. Sprint Commc'ns Co. L.P.*, C.A. No. 12-205-RGA-CJB, Final Jury Instructions [D.I. 332] § 1.4 (D. Del. Oct. 14, 2014); *Silver Peak Sys., Inc. v. Riverbed Tech., Inc.*, C.A. No. 11-484-RGA-CJB,

4

Final Jury Instructions [D.I. 281] § 1.4 (D. Del. Apr. 1, 2014); *LG Electronics, Inc. v. Asko Appliances, Inc.*, C.A. No. 08-cv-828-RGA, Final Jury Instructions [D.I. 711] § 1.4 (D. Del. Nov. 29, 2012).

## 1.5.    CONSIDERATION OF EVIDENCE

You should use your common sense in weighing the evidence. Consider it in light of your

everyday experience with people and events, and give it whatever weight you believe it deserves.

If your experience tells you that certain evidence reasonably leads to a conclusion, you are free

to reach that conclusion.

AUTHORITY:

Delaware Uniform Patent Jury Instructions § 1.5; *Comcast IP Holdings I, LLC v. Sprint Commc'ns Co. L.P.*, C.A. No. 12-205-RGA-CJB, Final Jury Instructions [D.I. 332] § 1.5 (D. Del. Oct. 14, 2014); *Silver Peak Sys., Inc. v. Riverbed Tech., Inc.*, C.A. No. 11-484-RGA-CJB, Final Jury Instructions [D.I. 281] § 1.5 (D. Del. Apr. 1, 2014); *LG Electronics, Inc. v. Asko Appliances, Inc.*, C.A. No. 08-cv-828-RGA, Final Jury Instructions [D.I. 711] § 1.5 (D. Del. Nov. 29, 2012).

6

**[SPRINT PROPOSAL]**

### 1.6.   DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two kinds of evidence: direct evidence and circumstantial evidence.  Direct evidence is direct proof of a fact, such as the testimony of an eyewitness. For example, if a witness testified that she saw it raining outside, and you believed her, that would be direct evidence that it was raining.

Circumstantial evidence is indirect proof of a fact, i.e., proof of facts from which you may infer or conclude that other facts exist. For example, if someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

The law makes no distinction between the weight that you should give to either direct or circumstantial evidence, nor does it say that one type of evidence is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.  Adapted from: Delaware Uniform Patent Jury Instructions §1.6; *Silver Peak Sys., Inc. v. Riverbed Tech., Inc.*, C.A. No. 11-484-RGA-CJB, Final Jury Instructions [D.I. 281] § 1.6 (D. Del. Apr. 1, 2014); *AVM Technologies, Inc. v. Intel Corp.*, C.A. No. 10-610-RGA, Joint Proposed Final Jury Instructions [D.I. 246] § 1.8 (D. Del., Jan. 22, 2013); *LG Electronics, Inc. v. Asko Appliances, Inc.*, C.A. No. 08-cv-828-RGA, Final Jury Instructions [D.I. 711] § 1.6 (D. Del. Nov. 29, 2012).]  **[END SPRINT PROPOSAL]**

7

## 1.7.   CREDIBILITY OF WITNESSES

You are the sole judges of each witness's credibility. You should consider each witness's means of knowledge; strength of memory; opportunity to observe; how reasonable or unreasonable the testimony is; whether it is consistent or inconsistent; whether it has been contradicted; the witness's biases, prejudices, or interests; the witness's manner or demeanor on the witness stand; and all circumstances that, according to the evidence, could affect the credibility of the testimony.

If you find the testimony to be contradictory, you must try to reconcile it, if reasonably possible, so as to make one harmonious story of it all. But if you cannot do this, then it is your duty and privilege to believe the portions of testimony that, in your judgment, are most believable and disregard any testimony that, in your judgment, is not believable.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely about some important fact, or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something that was different from the testimony he gave at the trial.

You should remember that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth. People may tend to forget some things or remember other things inaccurately. If a witness has made a misstatement, you must consider whether it was simply an innocent lapse of memory or an intentional falsehood, and that may depend upon whether it concerns an important fact or an unimportant detail.

AUTHORITY:

Adapted from: Delaware Uniform Patent Jury Instructions §1.7; *Comcast IP Holdings I, LLC v. Sprint Commc'ns Co. L.P.*, C.A. No. 12-205-RGA-CJB, Final Jury Instructions [D.I. 332] § 1.6

(D. Del. Oct. 14, 2014); *Silver Peak Sys., Inc. v. Riverbed Tech., Inc.*, C.A. No. 11-484-RGA-CJB, Final Jury Instructions [D.I. 281] § 1.7 (D. Del. Apr. 1, 2014); *AVM Technologies, Inc. v. Intel Corp.*, C.A. No. 10-610-RGA, Joint Proposed Final Jury Instructions [D.I. 246] § 1.9 (D. Del., Jan. 22, 2013); *LG Electronics, Inc. v. Asko Appliances, Inc.*, C.A. No. 08-cv-828-RGA, Final Jury Instructions [D.I. 711] § 1.7 (D. Del. Nov. 29, 2012); *Tarkus Imaging, Inc. v. Adobe Sys., Inc.*, C.A. No. 10-cv-063-LPS, Final Jury Instructions [D.I. 479] § 1.8 (D. Del. Jun. 27, 2012).

## 1.8.    NUMBER OF WITNESSES

One more point about the witnesses. Sometimes jurors wonder if the number of witnesses who testified makes any difference.

Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves. Concentrate on that, not the numbers.

AUTHORITY:

Delaware Uniform Patent Jury Instructions §1.8; *Comcast IP Holdings I, LLC v. Sprint Commc'ns Co. L.P.*, C.A. No. 12-205-RGA-CJB, Final Jury Instructions [D.I. 332] § 1.7 (D. Del. Oct. 14, 2014); *Silver Peak Sys., Inc. v. Riverbed Tech., Inc.*, C.A. No. 11-484-RGA-CJB, Final Jury Instructions [D.I. 281] § 1.8 (D. Del. Apr. 1, 2014); *LG Electronics, Inc. v. Asko Appliances, Inc.*, C.A. No. 08-cv-828-RGA, Final Jury Instructions [D.I. 711] § 1.10 (D. Del. Nov. 29, 2012).

#86807641v2

## 1.9.    EXPERT WITNESSES

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field - called an expert witness - is permitted to state his or her opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely upon it.

In weighing expert testimony, you may consider the expert's qualifications, the reasons for the expert's opinions, and the reliability of the information supporting the expert's opinions, as well as the factors I have previously mentioned for weighing testimony of any other witness. Expert testimony should receive whatever weight and credit you think appropriate, given all the other evidence in the case. You are free to accept or reject the testimony of experts, just as with any other witness.

AUTHORITY:

Adapted from: Delaware Uniform Patent Jury Instructions §1.9; *Comcast IP Holdings I, LLC v. Sprint Commc'ns Co. L.P.*, C.A. No. 12-205-RGA-CJB, Final Jury Instructions [D.I. 332] § 1.8 (D. Del. Oct. 14, 2014); *Silver Peak Sys., Inc. v. Riverbed Tech., Inc.*, C.A. No. 11-484-RGA-CJB, Final Jury Instructions [D.I. 281] § 1.9 (D. Del. Apr. 1, 2014); *LG Electronics, Inc. v. Asko Appliances, Inc.*, C.A. No. 08-cv-828-RGA, Final Jury Instructions [D.I. 711] § 1.8 (D. Del. Nov. 29, 2012); *Tarkus Imaging, Inc. v. Adobe Sys., Inc.*, C.A. No. 10-cv-063-LPS, Final Jury Instructions [D.I. 479] § 1.9 (D. Del. Jun. 27, 2012).

#86807641v2

## 1.10.   DEPOSITION TESTIMONY

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath and swears to tell the truth, and lawyers for each party may ask questions. A court reporter is present and records the questions and answers. The deposition may also be recorded on videotape.

During the trial, certain testimony was presented to you through depositions that were electronically played or read into the record. This testimony must be given the same consideration you would give it had the witness personally appeared in court. Like the testimony of a live witness, the statements made in a deposition are made under oath and are considered evidence that may be used to prove particular facts.

<u>AUTHORITY</u>:

*Comcast IP Holdings I, LLC v. Sprint Commc'ns Co. L.P.*, C.A. No. 12-205-RGA-CJB, Final Jury Instructions [D.I. 332] § 1.9 (D. Del. Oct. 14, 2014); *Silver Peak Sys., Inc. v. Riverbed Tech., Inc.*, C.A. No. 11-484-RGA-CJB, Final Jury Instructions [D.I. 281] § 1.10 (D. Del. Apr. 1, 2014); *AVM Technologies, Inc. v. Intel Corp.*, C.A. No. 10-610-RGA, Joint Proposed Final Jury Instructions [D.I. 246] § 1.11 (D. Del., Jan. 22, 2013); *British Telecommc'ns PLC v. Google Inc.*, C.A. No. 11-1249-LPS, Joint Proposed Final Jury Instructions [D.I. 376] § 1.10 (D. Del. Jan. 17, 2014).

## 1.11.   DEMONSTRATIVE EXHIBITS

During the course of the trial, you have seen many exhibits. Many of these exhibits were admitted as evidence. You will have these admitted exhibits in the jury room for your deliberations. The other exhibits (including charts and animations presented by attorneys and witnesses) were offered to help illustrate the testimony of the various witnesses. These illustrations, called "demonstrative exhibits," have not been admitted as evidence, are not evidence, and should not be considered as evidence. Rather, it is the underlying testimony of the witness that you heard when you saw the demonstrative exhibits that is the evidence in this case.

AUTHORITY:

Adapted from: *Comcast IP Holdings I, LLC v. Sprint Commc'ns Co. L.P.*, C.A. No. 12-205-RGA-CJB, Final Jury Instructions [D.I. 332] § 1.10 (D. Del. Oct. 14, 2014); *Silver Peak Sys., Inc. v. Riverbed Tech., Inc.*, C.A. No. 11-484-RGA-CJB, Final Jury Instructions [D.I. 281] § 1.11 (D. Del. Apr. 1, 2014); *Power Integrations, Inc., v. Fairchild Semiconductor Int'l, Inc.*, C.A. No. 08-cv-309 LPS, Final Jury Instructions [D.I. 575] § 1.11 (D. Del., April 25, 2012).

## 1.12.   USE OF NOTES

You may use notes taken during trial to assist your memory. However, you should use caution in consulting your notes. There is always a tendency to attach undue importance to matters that you have written down. Some testimony that is considered unimportant at the time presented, and thus not written down, takes on greater importance later on in the trial in light of all the evidence presented. Therefore, you are instructed that your notes are only a tool to aid your own individual memory, and you should not compare notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence. Your notes are not evidence, and are by no means a complete outline of the proceedings or a list of the highlights of the trial. Above all, your memory should be the greatest asset when it comes time to deliberate and render a decision in this case.

AUTHORITY:

*Comcast IP Holdings I, LLC v. Sprint Commc'ns Co. L.P.*, C.A. No. 12-205-RGA-CJB, Final Jury Instructions [D.I. 332] § 1.11 (D. Del. Oct. 14, 2014); *Silver Peak Sys., Inc. v. Riverbed Tech., Inc.*, C.A. No. 11-484-RGA-CJB, Final Jury Instructions [D.I. 281] § 1.12 (D. Del. Apr. 1, 2014); *Power Integrations, Inc., v. Fairchild Semiconductor Int'l, Inc.*, C.A. No. 08-cv-309 LPS, Final Jury Instructions [D.I. 575] § 1.12 (D. Del., April 25, 2012).

## 2.     THE PARTIES AND THEIR CONTENTIONS

### 2.1.   THE PARTIES

I will now review for you the parties in this action, and the positions that you will have to consider in reaching your verdict. I will then provide you with detailed instructions on what each side must prove to win on each of its contentions.

This case is an action for patent infringement arising under the patent laws of the United States. As I previously told you, the Plaintiff in this case is Sprint.

Sprint is the Owner of United States Patent Nos. 5,742,605, 6,108,339, 6,870,832, and 5,793,853 that it is asserting in this case.

The Defendant in this case is Comcast.

As I noted at the start of the trial, I will refer to the asserted patents by their last three numbers, namely, "the '605 patent," "the '339 patent," "the '832 patent," and "the '853 patent." Collectively, I will refer to these patents as the "Asserted Patents" or the "Sprint Patents."

## 2.2.    SUMMARY OF CONTENTIONS

Sprint contends that Comcast infringes claim 1 of the '605 patent, claims 1, 7, 17, and 22 of the '339 patent, claims 1, 2, 5, and 7 of the '832 patent, and claims 10 and 22 of the '853 patent, which I will refer to collectively as the "Asserted Claims."  Sprint alleges that Comcast infringes the '605 and '339 patents by making and using **[SPRINT PROPOSAL]** SONET systems.  **[END SPRINT PROPOSAL] [COMCAST PROPOSAL]** ring networks in particular markets.  **[END COMCAST PROPOSAL]** Sprint alleges that Comcast infringes the '832 patent by using its CMS and IMS networks to provide XFINITY Voice service to subscribers. Sprint alleges that Comcast infringes the '853 patent by using its IMS network to provide XFINITY Voice service to subscribers.  I will refer to those systems and services collectively as the "Accused Systems and Services."

Comcast denies that it has infringed the Asserted Claims of the '605, '339, '832, and '853 patents, and contends that, in addition, the Asserted Claims are invalid.

Your job is to decide whether Comcast has infringed any of the Asserted Claims and whether any of the Asserted Claims are invalid. If you decide that any Asserted Claim has been infringed and is not invalid, you will then need to decide any money damages to be awarded to Sprint to compensate it for the infringement.

AUTHORITY:

Adopted from: Federal Circuit Bar Association Model Patent Jury Instructions (May 2014) § B.1 ("FCBA Patent Jury Instructions").

#86807641v2

### 3.      **PATENT INFRINGEMENT**

### 3.1.      **PATENT CLAIMS**

Before you can decide the issues in this case, you will have to understand the patent

"claims." The patent claims are the numbered paragraphs at the end of the patent.

The claims are intended to define, in words, the boundaries of the invention described

and illustrated in the patent. Only the claims of the patent can be infringed. Neither the

specification, which is the written description of the invention, nor the drawings of a patent can

be infringed. Infringement is determined by comparing each of the Accused Systems and

Services with each claim being asserted by Sprint against that Accused System or Service.  Each

of the claims must be considered individually, and Sprint need only establish that one claim has

been infringed.  To show non-infringement of a particular claim by a particular Accused System

or Service, Comcast need only show that a single element of that claim is missing in that system

or service.

In patent law, the requirements of a claim are often referred to as "claim elements" or

"claim limitations." When an **[SPRINT PROPOSAL]** Accused **[END SPRINT PROPOSAL]**

system or service meets each and every claim limitation, the claim is said to "cover" that

**[SPRINT PROPOSAL]** Accused **[END SPRINT PROPOSAL]** system or service, and that

**[SPRINT PROPOSAL]** Accused **[END SPRINT PROPOSAL]** system or service is said to

"fall" within the scope of that claim.

AUTHORITY:

Adapted from: FCBA Patent Jury Instructions § 3.1a; Delaware Uniform Patent Jury Instructions
§ 3.1; *Comcast IP Holdings I, LLC v. Sprint Commc'ns Co. L.P.*, C.A. No. 12-205-RGA-CJB,
Final Jury Instructions [D.I. 332] § 3.1 (D. Del. Oct. 14, 2014); *Silver Peak Sys., Inc. v. Riverbed
Tech., Inc.*, C.A. No. 11-484-RGA-CJB, Final Jury Instructions [D.I. 281] § 3.1 (D. Del. Apr. 1,
2014); *LG Electronics, Inc. v. Asko Appliances, Inc.*, C.A. No. 08-cv-828-RGA, Final Jury

Instructions [D.I. 711] § 3.1 (D. Del. Nov. 29, 2012); *Tarkus Imaging, Inc. v. Adobe Sys., Inc.*, C.A. No. 10-cv-063-LPS, Final Jury Instructions [D.I. 479] § 3.1 (D. Del. June 27, 2012).

#86807641v2

## 3.2.    DEPENDENT AND INDEPENDENT CLAIMS

There are two different types of claims in a patent. The first type is called an independent claim. An independent claim does not refer to any other claim of the patent. An independent claim is read alone to determine its scope.

In this case, claim 1 of the '605 patent, claims 1 and 17 of the '339 patent, claim 1 of the '832 patent, and claim 10 of the '853 patent are independent claims. You know this because those claims mention no other claim. Accordingly, the words of those claims are read by themselves in order to determine what those claims cover. An independent claim sets forth all of the requirements that must be met in order for an accused system or method to be covered by that claim, and thus infringe.

The second way a claim can be stated is in the form of a dependent claim. A dependent claim does not itself recite all of the requirements of the claim but refers to another claim or claims for some of its requirements. In this way, the claim "depends" on another claim or claims. A dependent claim incorporates all of the requirements of the claims to which it refers.

The dependent claim then adds its own additional requirements. To determine what a dependent claim covers, it is necessary to look at both the dependent claim and any other claims to which it refers.

Claim 7 of the '339 patent is a dependent claim. Accordingly, the words of claims 1 and 7 must be read together in order to determine what the dependent claim, claim 7, covers.  The following asserted claims are dependent claims: claims 7 and 22 of the '339 patent, claims 2, 5, and 7 of the '832 patent, and claim 22 of the '853 patent.

Some of the Asserted Claims are broader than others. You are not to imply the limitations or words of the narrower or dependent claim into a broad or independent claim if the broader claim does not include the same limitations.

An accused product, system or method is only covered by, and is therefore infringing of, a dependent claim if the accused product, system or method meets all of the requirements of both the dependent claim and the claim(s) to which the dependent claim refers. Because a dependent claim incorporates all of the features of the independent claim it refers to, if you find that an independent claim is not infringed, then the claims that depend on that independent claim cannot be infringed. For example, if you find that independent claim 1 of the '339 patent is not infringed by a particular Accused System or Service, then dependent claim 7 of the '339 patent cannot be infringed by that Accused System or Service.

AUTHORITY:

Adapted from: FCBA Patent Jury Instructions § 2.2a; Delaware Uniform Patent Jury Instructions § 3.3; *Comcast IP Holdings I, LLC v. Sprint Commc'ns Co. L.P.*, C.A. No. 12-205-RGA-CJB, Final Jury Instructions [D.I. 332] § 3.2 (D. Del. Oct. 14, 2014); *Silver Peak Sys., Inc. v. Riverbed Tech.*, Inc., C.A. No. 11-484-RGA-CJB, Final Jury Instructions [D.I. 281] § 3.2 (D. Del. Apr. 1, 2014); *AVM Techs., LLC v. Intel Corp.*, C.A. No. 10-610-RGA, Joint Proposed Final Jury Instructions [D.I. 246] § 3.2 (D. Del. Jan. 22, 2013); *Tarkus Imaging, Inc. v. Adobe Sys., Inc.*, C.A. No. 10-cv-063-LPS, Final Jury Instructions [D.I. 479] § 3.3 (D. Del. June 27, 2012).

### 3.3.    OPEN ENDED OR "COMPRISING" CLAIMS

The preamble to a claim is an introductory statement that names the invention that is to be claimed. For example, in claim 1 of the '605 patent, the preamble is: "A SONET system which comprises...." This preamble, as with the preambles of all claims that Sprint has asserted against Comcast uses the transitional phrase "comprising." "Comprising" is interpreted the same as "including" or "containing."

Use of the term "comprising" in a patent claim makes the claim open-ended; that is, the claim is not limited to only what is in the claim. Based on this explanation, if you find that an Accused System or Service performs all of the steps of an Asserted Claim, the fact that it may also include additional elements is irrelevant. The presence of additional elements does not mean that Comcast does not infringe a patent claim.

AUTHORITY:

Adapted from: Delaware Uniform Patent Jury Instructions § 3.11; *Silver Peak Sys., Inc. v. Riverbed Tech., Inc.*, C.A. No. 11-484-RGA-CJB, Final Jury Instructions [D.I. 281] § 3.3 (D. Del. Apr. 1, 2014).

## 3.4.   CONSTRUCTION OF CLAIMS

The law says that it is the Court's duty to define the terms of the patent's claims.  I have already defined the meaning of some of the words of the patent claims in this case.  These definitions have been provided to you on a chart placed in the front of your patent books.

You must accept my definition of these words in the claims as correct.  You must use the definitions I give you for each claim to make to make your decisions as to whether the claim is infringed.  You must ignore any different definitions used by the witnesses or the attorneys. You should not take my definition of the language of the claims as an indication that I have a view regarding how you should decide the issue of infringement. This issue is yours to decide. For any words in the claim for which I have not provided you with a definition, you should apply their common meaning.

AUTHORITY:

Adapted from: FCBA Patent Jury Instructions § 2.3; *Comcast IP Holdings I, LLC v. Sprint Commc'ns Co. L.P.*, C.A. No. 12-205-RGA-CJB, Final Jury Instructions [D.I. 332] § 3.3 (D. Del. Oct. 14, 2014); *Silver Peak Sys., Inc. v. Riverbed Tech., Inc.*, C.A. No. 11-484-RGA-CJB, Final Jury Instructions [D.I. 281] § 3.4 (D. Del. Apr. 1, 2014); *AVM Techs., Inc. v. Intel Corp.*, C.A. No. 10-610-RGA, Joint Proposed Final Jury Instructions [D.I. 246] §3.1 (D. Del. Jan. 22, 2013); D.I. 160 (Claim Construction Order); *Tarkus Imaging, Inc. v. Adobe Sys., Inc.*, C.A. No. 10-cv- 063-LPS, Final Jury Instructions [D.I. 479] §§ 3.1-3.2 (D. Del. June 27, 2012).

### 3.5.    PATENT INFRINGEMENT -- GENERALLY

Patent law provides that any person or business entity which makes, uses, sells, or offers to sell, without the patent owner's permission, any product, apparatus, system, or method covered by at least one claim of a United States patent before the patent expires, infringes the patent. A patent owner may enforce his right to exclude others from making, using, selling, or offering to sell the patented invention by filing a lawsuit for patent infringement. Here, Sprint, the patent owner, has alleged that Comcast directly infringes one or more claims of Sprint's '605, '339, '832, and '853 patents. Infringement is assessed on a claim-by-claim basis. There are two types of patent infringement at issue in this case: (1) literal infringement and (2) infringement under the doctrine of equivalents. I will now instruct you on the specific rules you must follow to determine whether Sprint has proven that Comcast has infringed one or more asserted claims.

AUTHORITY:

Adapted from: FCBA Patent Jury Instructions § 3.1; Delaware Uniform Patent Jury Instructions § 3.4; ; *Comcast IP Holdings I, LLC v. Sprint Commc'ns Co. L.P.*, C.A. No. 12-205-RGA-CJB, Final Jury Instructions [D.I. 332] § 3.4 (D. Del. Oct. 14, 2014); *Silver Peak Sys., Inc. v. Riverbed Tech., Inc.*, C.A. No. 11-484-RGA-CJB, Final Jury Instructions [D.I. 281] § 3.5 (D. Del. Apr. 1, 2014); *LG Electronics, Inc. v. Asko Appliances, Inc.*, C.A. No. 08-cv-828-RGA, Final Jury Instructions [D.I. 711] § 3.4 (D. Del. Nov. 29, 2012).

### 3.6.    LITERAL INFRINGEMENT

There are two ways in which a patent claim may be directly infringed. First, a claim may be literally infringed. Second, a claim may be infringed under what is called the "doctrine of equivalents" which I will address shortly.

In order to prove literal infringement of an Asserted Claim, Sprint must show by a preponderance of the evidence, i.e., that it is more likely than not, that Comcast practiced every step of that claim. In other words, a claim is literally infringed if **[SPRINT PROPOSAL]** an Accused **[END SPRINT PROPOSAL]** system or service practices each and every step of the claim. You must compare each of the Accused Systems and Services with each and every one of the requirements of a claim to determine whether all of the requirements of that claim are met. If an Accused System or Service fails to practice any step recited in a claim, that system or service does not literally infringe that claim.

**[SPRINT PROPOSAL]**  The same component of an Accused System or Service may satisfy more than one element of a claim.  **[END SPRINT PROPOSAL]**

**[COMCAST PROPOSAL]**  Unless the claim specifically provides to the contrary, the same component of a product or method may satisfy more than one element of a claim.  **[END COMCAST PROPOSAL]**

You must determine literal infringement with respect to each patent claim individually. There is one exception to this rule. If you find that an independent claim is not infringed by a particular Accused System or Service, there cannot be infringement by that system or service of any dependent claim that refers directly or indirectly to that independent claim. On the other hand, if you find that an independent claim has been infringed, you must still decide, separately,

24

whether each Accused System or Service  meets the additional requirements of any dependent

claims, and thus whether those claims have also been infringed.

Remember, the question is whether Comcast infringes any claim of Sprint's patents, and

not whether an Accused System or Service is similar or even identical to a product made by

Sprint. Accordingly, you must be certain to compare each of the Accused System or Services

with the claim it is alleged to infringe and not with any product or service of Sprint's.

AUTHORITY:

AIPLA Model Patent Jury Instructions (2012) § 3.2 ("AIPLA Patent Jury Instructions");
Delaware Uniform Patent Jury Instructions § 3.8; *Comcast IP Holdings I, LLC v. Sprint
Commc'ns Co. L.P.*, C.A. No. 12-205-RGA-CJB, Final Jury Instructions [D.I. 332] § 3.5 (D.
Del. Oct. 14, 2014); *Silver Peak Sys., Inc. v. Riverbed Tech., Inc.*, C.A. No. 11-484-RGA-CJB,
Final Jury Instructions [D.I. 281] § 3.6 (D. Del. Apr. 1, 2014); *AVM Techs., Inc. v. Intel Corp.*,
C.A. No. 10-610-RGA, Joint Proposed Final Jury Instructions [D.I. 246] § 3.3.1 (D. Del. Jan. 22,
2013);*LG Electronics, Inc. v. Asko Appliances, Inc.*, C.A. No. 08-cv-828-RGA, Final Jury
Instructions [D.I. 711] § 3.4.1 (D. Del. Nov. 29, 2012).

#86807641v1

### 3.7.    DOCTRINE OF EQUIVALENTS

If you decide that Comcast does not literally infringe an asserted patent claim, then you must decide whether it is more probable than not that Comcast infringes the asserted claim under the "doctrine of equivalents." Under the doctrine of equivalents, Comcast infringes a claim if it performs equivalent steps corresponding to each and every element of the asserted claim.

**[COMCAST PROPOSAL]**  Application of the doctrine of equivalents is the exception, however, not the rule.  Patent claims must be clear enough so that the public has fair notice of what was patented. Notice permits other parties to avoid actions which infringe the patent and to design around the patent. On the other hand, the patent owner should not be deprived of the benefits of his patent by competitors who appropriate the essence of an invention while barely avoiding the literal language of the patent claims.  **[END COMCAST PROPOSAL]**

**[SPRINT PROPOSAL]**  You may find that a component or action of an accused method is equivalent to an element or step of a claim that is not met literally if a person having ordinary skill in the field of the technology of the patent would have considered the differences between them to be "insubstantial." **[END SPRINT PROPOSAL] [COMCAST PROPOSAL]**  The test to determine that a component or action of an accused method is equivalent to an element or step of a claim that is not met literally is whether a person having ordinary skill in the field of the technology of the patent would have considered the differences between them to be "insubstantial." **[END COMCAST PROPOSAL]**  One way to decide whether any difference between the accused component or action and an element of the asserted claim is insubstantial is to consider whether the component or action (1) performs substantially the same function and (2) works in substantially the same way (3) to achieve substantially the same result as the claim element.

#86807641v2

**[COMCAST PROPOSAL]**  In order for the component or action to be considered interchangeable, the component or action must have been known at the time of the alleged infringement to a person having ordinary skill in the field of technology of the patent. Interchangeability at the present time is not sufficient.  In order to prove infringement by "equivalents," Sprint must prove the equivalency of the components or actions to a claim element by a preponderance of the evidence. **[END COMCAST PROPOSAL]**

As with literal infringement, application of the doctrine of equivalents is on an element-by-element basis, meaning that for a product or method to infringe an asserted claim under the doctrine of equivalents, the element of the asserted claim which is not literally found in the accused product or method must be present by equivalence. In addition, the same component or feature of the accused product or method may satisfy more than one element of a claim under the doctrine of equivalents

AUTHORITY:

Adapted from: FCBA Patent Jury Instructions §§ 3.1c, 3.1d; AIPLA Patent Jury Instructions § 3.11; Delaware Uniform Patent Jury Instructions § 3.9; *Silver Peak Sys., Inc. v. Riverbed Tech., Inc.*, C.A. No. 11-484-RGA-CJB, Final Jury Instructions [D.I. 281] § 3.7 (D. Del. Apr. 1, 2014).

#86807641v2

### 3.7.1.  LEVEL OF ORDINARY SKILL[1]

Next, you are to determine the level of ordinary skill in the art to which the claimed

invention pertains at the time the claimed invention was made. Factors to be considered in

determining the level of ordinary skill in the pertinent art include:

1.      the level of education and experience of persons actively working in the field at

the time of the invention, including the inventor;

2.      the types of problems encountered in the art at the time of the invention; and

3.      the sophistication of the technology in the art at the time of the invention,

including the rapidity with which innovations were made in the art at the time of the invention.

AUTHORITY:

Adapted from: AIPLA Patent Jury Instructions § 7.3; Delaware Uniform Patent Jury Instructions
§ 4.8.3.

---

[1] **[Comcast proposes that this instruction be read immediately after Instruction 4.7.1
("OBVIOUSNESS -- SCOPE AND CONTENT OF THE PRIOR ART").]**

**[COMCAST PROPOSAL]**

### 3.8.    SITUATIONS WHERE THE DOCTRINE OF EQUIVALENTS IS NOT PERMITTED

There are three situations wherein resort to the doctrine of equivalents to find infringement is not permitted.  First, use of the doctrine of equivalents to find infringement is not permitted if you find that the defendant is merely practicing what was in the prior art prior to the patented invention or that which would have been obvious in light of what was in the prior art. To determine whether the prior art precludes a finding of infringement under the doctrine of equivalents for a particular product or process that is accused of infringing a particular claim, you must determine what products or processes are in the "prior art" as well as what products or processes would have been obvious from the "prior art" to a person having an ordinary level of skill in the field of technology of the patent at the time of the invention.

If Comcast establishes that a product or process that (1) meets the same claim requirements as the product or process that is accused of infringing and (2) has the same allegedly "equivalent" alternative feature(s) as the product or process that is accused of infringing is in the prior art or would have been obvious from the prior art to a person having ordinary skill in the field of technology of the invention at the time of the invention, you must find that the claim has not been infringed.  **[SPRINT PROPOSAL]** Comcast has the burden of proving that this hypothetical, equivalent claim was within the prior art at the time of the alleged infringement, by a preponderance of the evidence. **[END SPRINT PROPOSAL]**

Second, use of the doctrine of equivalents to find infringement is not permitted if you find that the patent owner is trying to recapture that which he gave up in the Patent Office to distinguish the invention from the prior art.  As you have already heard, during prosecution of the patent, the patent applicant often makes arguments and amendments in an attempt to

convince the PTO examiner to grant the patent.  The party seeking to obtain a patent may amend his patent claims or submit arguments in order to define or narrow the meaning of the claims to obtain the patent. Once it has done so, it is not entitled to patent coverage under the doctrine of equivalents that would be so broad that it would cover the same feature that was used to distinguish the invention during the prosecution of the patent.   .

Sometimes patent claims, however, are amended, not to avoid what was in the prior art, but to clarify indefinite or ambiguous terms. If you find that an amendment was made to clarify a claim for that sort of reason and not in an effort to avoid what was in the prior art, the doctrine of equivalents can still be applied.

Third, you may not determine that an alternative aspect of a product or process is equivalent to an unmet requirement of a claim if a finding of infringement under the doctrine of equivalents would effectively eliminate that requirement. Specifically, the alleged equivalent cannot eliminate or ignore an element or requirement of the claim.

AUTHORITY:

Adapted from: FCBA Patent Jury Instructions §§ 3.1d; AIPLA Patent Jury Instructions §§ 3.12-3; Delaware Uniform Patent Jury Instructions § 3.10.  **[END COMCAST PROPOSAL]**

4.      **<u>VALIDITY DEFENSES</u>**

4.1.      **INVALIDITY - GENERALLY**

Comcast contends that the Asserted Claims are invalid. Comcast contends that the Asserted Claims are either not new because they are anticipated by prior art or are obvious in light of that art. I will now instruct you on the rules you must follow in deciding whether or not Comcast has proven invalidity.

**[SPRINT PROPOSAL]**  Patents are presumed to be valid. **[END SPRINT PROPOSAL]**

To prove that any claim of a patent is invalid, Comcast must persuade you by clear and convincing evidence, i.e., you must be left with an abiding conviction that it is highly probable that the claim is invalid. The clear and convincing evidence standard applies to each theory of invalidity asserted by Comcast, including both anticipation by prior art and obviousness.

**[COMCAST PROPOSAL]**  When a party challenging the validity of a patent relies on prior art that was considered by the Examiner during the prosecution of the application which resulted in the issued patent, that party's ability to satisfy its highly probable evidence burden may be more difficult. When a party challenging the validity of a patent presents evidence that was not considered by the Examiner during the prosecution of the application which resulted in the issued patent, such new evidence may be given more weight and may make it easier to satisfy that party's highly probable evidence burden.  **[END COMCAST PROPOSAL]**

<u>AUTHORITY</u>:

Adapted from: 35 U.S.C. § 282 (patents are presumed valid); FCBA Patent Jury Instructions § 4.1; AIPLA Patent Jury Instructions § 5.1; *Silver Peak Sys., Inc. v. Riverbed Tech., Inc.*, C.A. No. 11-484-RGA-CJB, Final Jury Instructions [D.I. 281] § 4.1 (D. Del. Apr. 1, 2014); *MobileMedia Ideas LLC v. Apple Inc.*, C.A. No. 10-258-SLR, Final Jury Instructions Read in Court [D.I. 505] at 28 (D. Del. Dec. 11, 2012); *see also Microsoft Corp. v. i4i Ltd. P'ship*, 131 S.Ct. 2238, 2242-43, 2250-51 (2011).

## 4.2.   ANTICIPATION - GENERALLY

In order for someone to be entitled to a patent, the invention must actually have been "new." In general, inventions are new when the identical device or process has not been made, used, offered for sale, sold, or disclosed before.

If a device or process had been previously invented and disclosed to the public, then it was not new, and therefore the claimed invention is "anticipated" by the prior invention.

Anticipation must be determined on a claim-by-claim basis. To anticipate a claim, each and every element in the claim must be present in a single item of prior art, and arranged or combined in the same way as recited in the claim. You may not combine two or more items of prior art to find anticipation. In determining whether every one of the elements of the claimed invention is found in a particular piece of prior art, you should take into account what a person of ordinary skill in the art would have understood from his or her review of it. If you find that any claim of any patent was anticipated by a single item of prior art, then that claim is invalid.

In this case, you must determine the date of invention for certain of the Asserted Claims and certain of the prior art. The date of invention is either when the invention was reduced to practice or when it was conceived, provided the inventors were reasonably diligent in reducing the invention to practice.

**[COMCAST PROPOSAL]**  Proof of the date of invention cannot be established based on the testimony of inventors alone, and requires some corroborating evidence, such as contemporaneous documents or the testimony of disinterested witnesses other than the inventors, confirming a claimed invention date.  **[END COMCAST PROPOSAL]**

Conception is the mental part of an inventive act, i.e., the formation in the mind of the inventor of a definite and permanent idea of the complete and operative invention as it is

thereafter to be applied in practice, even if the inventor did not know at the time that the invention would work. Conception of an invention is complete when the idea is so clearly defined in the inventor's mind that, if the idea were communicated to a person having ordinary skill in the field of the technology, he or she would be able to reduce the invention to practice without undue research or experimentation. This requirement does not mean that the inventor has to have a prototype built, or actually explained her or his invention to another person. But, there must be some evidence beyond the inventor's own testimony that confirms the date on which the inventor had the complete idea. Conception may be proven when the invention is shown in its complete form by drawings, disclosure to another person, or other forms of evidence presented at trial.

A claimed invention is "reduced to practice" when it has been constructed/used/tested sufficiently to show that it will work for its intended purpose or when the inventor files a patent application describing the invention.

An inventor who claims to be the first to conceive of an invention but was the last to reduce to practice must also show reasonable diligence from a time just before the other party entered the field until his own reduction to practice. Reasonable diligence means that the inventor worked continuously, though not necessarily every day, to reduce the invention to practice. Interruptions necessitated by the everyday problems and obligations of the inventor or others working with him or her are common and do not prevent a finding of reasonable diligence.

**[COMCAST PROPOSAL]**  With respect to the inventions claimed or disclosed in a patent, the inventor or inventors are the entire group of the people named as inventors on the face of the patent.  This group of named inventors is known as an "inventive entity."  If one or some

but less than all of the members of an inventive entity  appear on the face of another patent as part of a different group of inventors, the inventive entities for the two patents are generally viewed by the law different and, because they have different inventors, either patent may be prior art to the other.  An exception to this rule occurs when it can be shown that one or a group of individuals common to both inventive entities groups made an invention that is claimed or disclosed in both patents without the help of the other members of the inventive entities for the two patents.  **[END COMCAST PROPOSAL]**

AUTHORITY:

Adapted from: FCBA Patent Jury Instructions § 4.3a; AIPLA Patent Jury Instructions § 6.0; *Silver Peak Sys., Inc. v. Riverbed Tech., Inc.*, C.A. No. 11-484-RGA-CJB, Final Jury Instructions [D.I. 281] § 4.1 (D. Del. Apr. 1, 2014); *Riverwood Intern. CorpR.A. Jones & Co., Inc.*, 324 F.3d 1346, 1356-1357 (Fed. Cir. 2003); 35 U.S.C. Sec. 102(e); *see also Monsanto Co. v. Mycogen Plant Science, Inc.*, 261 F.3d 1356, 1369 (Fed. Cir. 2001); *Mahurkar v. C.R. Bard. Inc.*, 79 F.3d 1572, 1578 (Fed. Cir. 1996).

#86807641v2

### 4.3.    ANTICIPATION - PRIOR PRINTED PUBLICATION

Comcast contends that certain of the Asserted Claims are anticipated because the inventions defined in those claims were described in a printed publication before the inventions were made or more than one year before the filing date of the priority patent application.

To prove invalidity of a claim by prior publication of a claimed invention, Comcast must prove by clear and convincing evidence that: (1) the prior art reference discloses each and every limitation of the asserted claim, and (2) the prior art reference would allow a person of ordinary skill in the art to practice the claimed invention without undue experimentation.

A printed publication must have been sufficiently accessible to persons interested in the subject matter of its contents. It is not necessary for the printed publication to have been available to every member of the public. An issued patent is a printed publication. A published patent application is a printed publication as of its publication date.

The disclosure of the claimed invention in the printed publication must be complete enough to enable one of ordinary skill in the art to use the invention without undue experimentation. In determining whether the disclosure is enabling, you should take into account what would have been within the knowledge of a person of ordinary skill in the art at the relevant time, either at the time of the invention or one year before the application for the patent was filed.

To prove invalidity of a claim by prior printed publication, Comcast must prove by clear and convincing evidence that the publication discloses each and every limitation of the Asserted Claim.

Here, with respect to the '605 and '339 patents, Comcast contends that:

35

With respect to the '853 patent, Comcast contends that:



With respect to the '832 patent, Comcast contends that:


<u>AUTHORITY</u>:

Adapted from: AIPLA Patent Jury Instructions § 6.5; *see also* 35 U.S.C. §§ 102(a)-(b).

36

## 4.4.    ANTICIPATION – PRIOR INVENTION

Comcast contends that certain of the Asserted Claims are anticipated because the invention defined in those claims was invented by a third party before the patentee invented his invention.

A patent claim is invalid if the invention defined by that claim was invented by another person in the United States before it was invented by the patentee, and that other person did not abandon, suppress, or conceal the invention.

To demonstrate anticipation by prior invention, Comcast must show that it is highly probable either that before the patentee invented his invention, the third party reduced to practice an apparatus or method that included all of the elements of the Asserted Claims, or that the third party was first to conceive the invention and that he exercised reasonable diligence in later reducing the invention to practice. In addition, Comcast must show that the third party's product or method was sufficiently developed that one skilled in the art would have recognized that it would work for its intended purpose.

If the prior invention was abandoned, suppressed, or concealed, it does not anticipate the Asserted Claims.  It is not necessary that the patentee had knowledge of that prior invention.

Here, with respect to the '605 and '339 patents, Comcast contends that:

With respect to the '853 patent, Comcast contends that:

With respect to the '832 patent, Comcast contends that:

AUTHORITY:

Adapted from: AIPLA Patent Jury Instructions § 6.6; *see also* 35 U.S.C. § 102(g).

**[COMCAST PROPOSAL]**

## 4.5.   ANTICIPATION BY PRIOR PUBLIC USE

Making "public use" of a completed invention more than one year before the filing of a patent application also invalidates the patent. The test for determining whether an invention has been publicly used is whether the use: (1) was accessible to the public; or (2) was commercially exploited.  The mere fact that use of a commercialized product did not disclose the details of an invention to the user does not diminish the public nature of the use.  Use of an invention by the inventor, even if secret, can be an invalidating public use if done for commercial purposes.  However, if a use of the invention by the inventor is experimental, even though not secret, it cannot be an invalidating public use.  Use of an invention by a person other than the inventor of the asserted patent, who is under no limitation, restriction or obligation of secrecy by the inventor may also be a public use which invalidates a patent if it occurred more than one year before the effective filing date of Sprint's patent.

Here, with respect to the '605 and '339 patents, Comcast contends that:

With respect to the '853 patent, Comcast contends that:

With respect to the '832 patent, Comcast contends that:

AUTHORITY:

Adapted from: FCBA Patent Jury Instructions § 4.3b; AIPLA Patent Jury Instructions § 6.2; Delaware Uniform Patent Jury Instructions § 4.7; *see also* Invitrogen CorpBiocrest Mfg., L.P., 424 F.3d 1374, 1380-1383 (Fed. Cir. 2005); 35 U.S.C. §§ 102(a), 102(b).  **[END COMCAST PROPOSAL]**

#86807641v2

**[COMCAST PROPOSAL]**

### 4.6.    ANTICIPATION BY PRIOR U.S. PATENT APPLICATION

Comcast contends that certain of the Asserted Claims are anticipated because the invention defined in those claims was described in United States patent, and because the application for that patent was filed before Sprint made its invention.

A patent claim is invalid if the invention defined by that claim was described in a United States patent issued on a patent application filed by another person before the invention was made by Sprint.

To show anticipation of the patented invention, Comcast must show by clear and convincing evidence that the application for the United States patent described each and every element of the Asserted Claim and that the specification, claims, and/or drawings of the application for the United States patent was filed before it was invented by Sprint.

Here, with respect to the '605 and '339 patents, Comcast contends that:

With respect to the '853 patent, Comcast contends that:

With respect to the '832 patent, Comcast contends that:

AUTHORITY:

Adapted from: FCBA Patent Jury Instructions § 4.3b; AIPLA Patent Jury Instructions § 6.8; Delaware Uniform Patent Jury Instructions § 4.4; *see also* 35 U.S.C. § 102(e).   **[END COMCAST PROPOSAL]**

### 4.7.    OBVIOUSNESS

Even though an invention may not have been identically disclosed or described before it was made by an inventor, in order to be patentable, the invention must also not have been obvious to a person of ordinary skill in the field of technology of the patent at the time the invention was made. The issue is not whether the claimed invention would be obvious to you as a layman, to me as a judge, or to a genius in the art, but whether it would have been obvious to one of ordinary skill in the art at the time it was made. Unlike anticipation, which allows consideration of only one item of prior art, obviousness may be shown by considering more than one item of prior art.

Keep in mind that the existence of each and every element of the claimed invention in the prior art does not necessarily prove obviousness. Most, if not all, inventions rely on building blocks of prior art. In determining whether a claimed invention is obvious, you must consider the level of ordinary skill in the field of the technology of the patent would have had at the time of the invention, the scope and content of the prior art, and any differences between the prior art and the claimed invention.

**[SPRINT PROPOSAL]**  Consider each claim separately. In doing so, you must avoid using hindsight; that is, you should not consider what is known today or what was learned from the teachings of the patent. You must put yourself in the place of a person of ordinary skill in the art at the time the invention was made.

Comcast must prove obviousness by clear and convincing evidence, i.e., you must be left with an abiding conviction that it is highly probable that Sprint's invention was obvious.  **[END SPRINT PROPOSAL]**

**[COMCAST PROPOSAL]**  Consider each claim separately. Do not use hindsight, i.e., consider only what was known at the time of the invention.

Comcast must prove obviousness by clear and convincing evidence, i.e., that it is highly probable that Sprint's invention was obvious.  **[END COMCAST PROPOSAL]**

AUTHORITY:

Adapted from: FCBA Patent Jury Instructions § 4.3c; AIPLA Patent Jury Instructions § 7.0; Delaware Uniform Patent Jury Instructions § 4.8; *see also* 35 U.S.C. § 103(a).

41

### 4.7.1.   OBVIOUSNESS - SCOPE AND CONTENT OF THE PRIOR ART

In determining whether a patent claim is invalid on grounds of obviousness, you must first determine the scope and content of the prior art. The scope and content of prior art for deciding whether the invention was obvious includes prior art in the same field as the claimed invention, regardless of the problem addressed by the item or reference, and prior art from different fields that a person of ordinary skill using common sense might combine in trying to solve the problem the claimed invention was trying to solve, like fitting together the pieces of a puzzle.

The prior art that you considered previously for anticipation purposes may also be prior art for obviousness purposes. As with anticipation, you must determine what is the prior art that may be considered in determining whether the Sprint Patents are obvious. A prior art reference may be considered if it discloses information designed to solve any problem or need addressed by the patent, or if the reference discloses information that has obvious uses beyond its main purpose that a person of ordinary skill in the art would reasonably examine to solve any problem or need addressed by the patent.

1.      Comcast contends that the following **[COMCAST PROPOSAL]** references, when combined, **[END COMCAST PROPOSAL]** render obvious the invention of claims XX of the '605 patent: ___

2.      Comcast contends that the following **[COMCAST PROPOSAL]** references, when combined, **[END COMCAST PROPOSAL]** render obvious the invention of claims XX of the '339 patent: ___

#86807641v2

3.      Comcast contends that the following **[COMCAST PROPOSAL]** references,

when combined, **[END COMCAST PROPOSAL]** render obvious the invention of claims XX

of the '832 patent: ____

4.      Comcast contends that the following **[COMCAST PROPOSAL]** references,

when combined, **[END COMCAST PROPOSAL]** render obvious the invention of claims XX

of the '853 patent: ____

AUTHORITY:

Adapted from: AIPLA Patent Jury Instructions § 7.1; *Tarkus Imaging, Inc. v. Adobe Sys., Inc.*, C.A. No. 10-cv-063-LPS, Final Jury Instructions [D.I. 479] § 4.5.1 (D. Del. June 27, 2012); *see also* Delaware Uniform Patent Jury Instructions § 4.8.1.

43

### 4.7.3.   OBVIOUSNESS – DIFFERENCES OVER THE PRIOR ART AND MOTIVATION TO COMBINE

You should analyze whether there are any relevant differences between the prior art and the claimed invention from the view of a person of ordinary skill in the art at the time of the invention. Your analysis must determine the impact, if any, of such differences on the obviousness of the invention as a whole, and not merely some portion of it.

In analyzing the relevance of the differences, you do not need to look for precise teaching in the prior art directed to the subject matter of the claimed invention. You may take into account the inferences and creative steps that a person of ordinary skill in the art would have employed in reviewing the prior art at the time of the invention. However, to find that a combination of prior art rendered the invention obvious, you must find that combination provided a reasonable expectation of success. For example, if the claimed invention combined elements known in the prior art and the combination yielded results that were predictable to a person of ordinary skill in the art at the time of the invention, then this evidence would make it more likely that the claim was obvious. If, on the other hand, the combination of known elements yielded unexpected or unpredictable results, or if the prior art teaches away from combining the known elements, then this evidence would make it more likely that the claim that successfully combined those elements was not obvious.

In considering whether a claimed invention is obvious, you may consider whether there was a reason for a person having ordinary skill in the field of the invention to combine the known elements in the way the claimed invention does. The reason could come from the prior art, the background knowledge of one of ordinary skill in the art, the nature of any problem or need to be addressed, market demand, or common sense. You may also consider whether the

44

problem or need was known, the possible approaches to solving the problem or addressing the

need were known and finite, and the solution was predictable through use of a known option.

<u>AUTHORITY</u>:

Adapted from: FCBA Patent Jury Instructions § 4.3c; AIPLA Patent Jury Instructions §§ 7.0,
7.2.

#86807641v2

### 4.7.4.   OBJECTIVE CRITERIA CONCERNING OBVIOUSNESS (SECONDARY CONSIDERATIONS)

In making your decision as to the obviousness or non-obviousness of the claimed invention, you must consider the following objective evidence which may tend to show non-obviousness of the claims at issue:

1.      Commercial success or lack of commercial success of products covered by an asserted patent;

2.      A long felt need in the art which was satisfied by the invention of the asserted patent;

3.      The failure of others to make the invention;

4.      Copying of the invention by others in the field;

5.      Unexpected results achieved by the invention;

6.      Praise of the invention by others in the field;

7.      Skepticism about the invention by others in the field;

8.      Whether the inventor proceeded contrary to accepted wisdom in the field;

9.      The taking of licenses under the patent by others.

**[COMCAST PROPOSAL]** You must also consider objective evidence which may tend to show obviousness of the claims at issue, such as others having invented the invention at roughly the same time.  **[END COMCAST PROPOSAL]**

However, there must be a connection between the evidence showing any of these factors and the claimed invention if this evidence is to be given weight by you in arriving at your conclusion on the obviousness issue. For example, if commercial success is due to advertising, promotion, salesmanship or the like, or is due to features of the product other than those claimed

in the asserted patent, then any commercial success may have no relation to the issue of

obviousness.

<u>AUTHORITY</u>:

Adapted from: FCBA Patent Jury Instructions § 4.3c; AIPLA Patent Jury Instructions § 7.4;
Delaware Uniform Patent Jury Instructions §§ 4.8.4, 4.8.9.

47

### 5.   DAMAGES

### 5.1.   DAMAGES - INTRODUCTION

If you find that Comcast infringed any valid claim of the Asserted Patents, you must then consider what amount of damages to award to Sprint. I will now instruct you about the measure of damages. By instructing you on damages, I am not suggesting which party should win this case, on any issue.

The damages you award must be adequate to compensate Sprint for the infringement. They are not meant to punish an infringer. Your damages award, if you reach this issue, should put Sprint in approximately the same financial position that it would have been in had the infringement not occurred.

Sprint has the burden to establish the amount of its damages by a preponderance of the evidence. In other words, you should award only those damages that Sprint establishes that it more likely than not suffered.

In this case, Sprint seeks a reasonable royalty. A reasonable royalty is defined as the money amount a patent holder and alleged infringer would have agreed upon as a fee for use of the invention before the infringement first began. I will give more detailed instructions regarding a reasonable royalty shortly. Note, however, that Sprint is entitled to recover no less than a reasonable royalty for each infringing use.

**[COMCAST PROPOSAL]**

Sprint is entitled to all damages that can be proven with "reasonable certainty." On  one hand, reasonable certainty does not require proof of damages with mathematical precision. Mere difficulty in ascertaining damages is not fatal to plaintiff. On the other hand, plaintiff is not entitled to speculative damages, that is, you should not award any amount for loss, which,

48

although possible, is wholly remote or left to conjecture and/or guess. You may base your

evaluation of "reasonable certainty" on opinion evidence that relies on facts.  **[END COMCAST**

**PROPOSAL]**

AUTHORITY:

*See* 35 U.S.C. § 284; FCBA Patent Jury Instructions § 6.1; Delaware Uniform Patent Jury
Instructions §§ 6.1, 6.3; *Dow Chemical Co. v. Mee Indus., Inc.*, 341 F.3d 1370, 1381-82 (Fed.
Cir. 2003); *Rite-Hite Corp. v. Kelley Co.*, 56 F.3d 1538, 1545-46, 1554-55 (Fed. Cir. 1995) (en
banc); *Standard Havens Prods., Inc. v. Gencor Indus., Inc.*, 953 F.2d 1360, 1374 (Fed. Cir.
1991); *Comcast IP Holdings I, LLC v. Sprint Commc'ns Co. L.P.*, C.A. No. 12-205-RGA-CJB,
Final Jury Instructions [D.I. 332] § 4.1 (D. Del. Oct. 14, 2014).

## 5.2.    REASONABLE ROYALTY AS A MEASURE OF DAMAGES

A royalty is a payment made to a patent holder in exchange for the right to make, use, or sell the claimed invention. A reasonable royalty is the amount of royalty payment that a patent holder and the infringer would have agreed to in a hypothetical negotiation taking place before the infringement first began. In considering this hypothetical negotiation, you should focus on what the expectations of the patent holder and the infringer would have been had they entered into an agreement at that time, and had they acted reasonably in their negotiations. In determining this, you must assume that both parties believed the patent was valid and infringed and the patent holder and infringer were willing to enter into an agreement.

The reasonable royalty you determine must be a royalty that would have resulted from the hypothetical negotiation, and not simply a royalty either party would have preferred.

**[COMCAST PROPOSAL]**  In arriving at that royalty, you should not assume facts, or rely on "rules of thumb," regarding how the patentee and infringer would have negotiated, unless they are supported by facts.  Consistent with this principle, you should not rely on testimony regarding how the patentee and infringer would have negotiated, or what royalty is appropriate, unless it is supported by facts. **[END COMCAST PROPOSAL]**

Evidence of things that happened after the infringement first began can be considered in evaluating the reasonable royalty only to the extent that the evidence aids in assessing what royalty would have resulted from the hypothetical negotiation.

**[SPRINT PROPOSAL]**  Although evidence of the actual profits an alleged infringer made may be used to determine the anticipated profits at the time of the hypothetical negotiation, the royalty may not be limited or increased based on the actual profits the alleged infringer made.

**[END SPRINT PROPOSAL]**

**[COMCAST PROPOSAL]**  In seeking a reasonable royalty, a patentee must take care to seek only those damages attributable to the infringing features.  This principle is called apportionment.  In apportioning between the portion of a product's value attributable to a patented feature and the portion attributable to other sources, first, the patentee must identify the smallest component of the accused product offered for sale that practices the invention.  Once the smallest patent-practicing component of the accused product is identified, the patentee must demonstrate what portion of the value of that component is attributable to the patented technology.  **[END COMCAST PROPOSAL]**

AUTHORITY:

FCBA Patent Jury Instructions § 6.6; *VirnetX, Inc. v. Cisco Systems, Inc.,* C.A. 2013-1489 at 26-29, 39-40, (Fed. Cir. Sep. 16, 2014); *Golight, Inc. v. Wal-Mart Stores, Inc.*, 355 F.3d 1327, 1338 (Fed. Cir. 2004); *Mahurkar v. C.R. Bard, Inc.*, 79 F.3d 1572, 1579-81 (Fed. Cir. 1996); *Rite-Hite Corp. v. Kelley Co.*, 56 F.3d 1538, 1545- 46, 1554-55 (Fed. Cir. 1995) (en banc); *Fromson v. Western Litho Plate and Supply Co.*, 853 F.2d 1568, 1575-76 (Fed. Cir. 1988), overruled on other grounds by *Knorr Bremse System Fuer Nutzfahrzeuge GmbH v. Dana Corp.*, 383 F.3d 1337 (Fed. Cir. 2004); *Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970); *Comcast IP Holdings I, LLC v. Sprint Commc'ns Co. L.P.*, C.A. No. 12-205-RGA-CJB, Final Jury Instructions [D.I. 332] § 4.2 (D. Del. Oct. 14, 2014).

### 5.3.    FACTORS FOR DETERMINING REASONABLE ROYALTY

In determining the reasonable royalty, you should consider all the facts known and available to the parties at the time the infringement began. Some of the kinds of factors that you may consider in making your determination are:

1.    The royalties received by Sprint for licensing others under the patent, proving or tending to prove an established royalty;

2.    The rates paid by Comcast for the use of other patents comparable to the asserted patent;

3.    The nature and scope of the license, as exclusive or non-exclusive; or as restricted or nonrestricted in terms of territory or with respect to whom the manufactured product may be sold;

4.    Sprint's established policy and marketing program to maintain its patent exclusivity by not licensing others to use the invention or by granting licenses under special conditions designed to preserve that exclusivity;

5.    The commercial relationship between Sprint and Comcast, such as, whether they are competitors in the same territory in the same line of business; or whether they are inventors or promoters;

6.    The effect of selling the patented specialty in promoting sales of other products of Comcast, the existing value of the invention to Sprint as a generator or sales of its non-patented items, and the extent of such derivative or convoyed sales;

7.    The duration of the patent and the term of the licenses;

8.    The established profitability of the product made under the patent, its commercial success, and its current popularity;

9.      The utility and advantages of the patent property over the old modes or devices, if any, that had been used for working out similar results;

10.     The nature of the patented invention, the character of the commercial embodiment of it as owned and produced by Sprint, and the benefits to those who have used the invention;

11.     The extent to which Comcast has made use of the invention, and any evidence probative of the value of that use;

12.     The portion of the profit or of the selling price that may be customary in the particular business or in comparable businesses to allow for the use of the invention or analogous inventions;

13.     The portion of the realizable profit that should be credited to the invention as distinguished from non-patented elements, the manufacturing process, business risks, or significant features or improvements added by Comcast;

14.     The opinion testimony of qualified experts; and

15.     The amount that a licensor (such as Sprint) and a licensee (such as Comcast) would have agreed upon (at the time the infringement began) if both had been reasonably and voluntarily trying to reach an agreement; that is, the amount which a prudent licensee—who desired, as a business proposition, to obtain a license to manufacture and sell a particular article embodying the patented invention—would have been willing to pay as a royalty and yet be able to make a reasonable profit and which amount would have been acceptable by a prudent patentee who was willing to grant a license.

No one factor is dispositive, and you can and should consider the evidence that has been presented to you in this case on each of these factors. You may also consider any other factors which in your mind would have increased or decreased the royalty Comcast would have been

#86807641v2

willing to pay and Sprint would have been willing to accept, acting as normally prudent business

people. The final factor establishes the framework which you should use in determining a

reasonable royalty, that is, the payment that would have resulted from a negotiation between

Sprint and Comcast taking place before Comcast's infringement began.

AUTHORITY:

FCBA Patent Jury Instructions § 6.7; *Dow Chemical Co. v. Mee Indus., Inc.*, 341 F.3d 1364, 1372 (Fed. Cir. 2008); *Mahurkar v. C.R. Bard, Inc.*, 79 F.3d 1572, 1579-81 (Fed. Cir. 1996); *Rite-Hite Corp. v. Kelley Co.*, 56 F.3d 1538, 1545- 46, 1554-55 (Fed. Cir. 1995) (en banc); *Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970); *Comcast IP Holdings I, LLC v. Sprint Commc'ns Co. L.P.*, C.A. No. 12-205-RGA-CJB, Final Jury Instructions [D.I. 332] § 4.3 (D. Del. Oct. 14, 2014).

## 6.    DELIBERATION AND VERDICT

### 6.1.    INTRODUCTION

That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson, who by custom of this Court is juror No. 1.

One more thing about messages. Do not ever write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that you are split 4-4, or 6-2, or whatever your vote happens to be. That should stay secret until you are finished.

AUTHORITY:

Delaware Uniform Patent Jury Instructions § 7.1; *Comcast IP Holdings I, LLC v. Sprint Commc'ns Co. L.P.*, C.A. No. 12-205-RGA-CJB, Final Jury Instructions [D.I. 332] § 5.1 (D. Del. Oct. 14, 2014); *Silver Peak Sys., Inc. v. Riverbed Tech., Inc.*, C.A. No. 11-484-RGA-CJB, Final Jury Instructions [D.I. 281] § 5.1 (D. Del. Apr. 1, 2014).

## 6.2.    UNANIMOUS VERDICT

Your verdict must represent the considered judgment of each juror. In order for you as a jury to return a verdict, it is necessary that each juror agree to the verdict. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another and to deliberate with a view towards reaching an agreement, if you can do so consistent with your individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors. In the course of you deliberations, do not hesitate to reexamine your own views and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors, or for the purpose of returning a verdict. Remember at all times that you are not partisans. You are judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

A form of verdict has been prepared for you. You will take this form to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date and sign the form. You will then return to the courtroom and your foreperson will give your verdict.

It is proper to add the caution that nothing said in these instructions and nothing in the form of verdict is meant to suggest or convey in any way or manner any intimation as to what verdict I think you should find. What the verdict shall be is the sole and exclusive duty and responsibility of the jury.

AUTHORITY:

Adapted from: Delaware Uniform Patent Jury Instructions § 7.2; *Comcast IP Holdings I, LLC v. Sprint Commc'ns Co. L.P.*, C.A. No. 12-205-RGA-CJB, Final Jury Instructions [D.I. 332] § 5.2

56

(D. Del. Oct. 14, 2014); *Silver Peak Sys., Inc. v. Riverbed Tech*., Inc., C.A. No. 11-484-RGA-CJB, Final Jury Instructions [D.I. 281] § 5.2 (D. Del. Apr. 1, 2014).

#86807641v2

### 6.3.   DUTY TO DELIBERATE

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that -- your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself.

AUTHORITY:

Delaware Uniform Patent Jury Instructions § 7.3; *Comcast IP Holdings I, LLC v. Sprint Commc'ns Co. L.P.*, C.A. No. 12-205-RGA-CJB, Final Jury Instructions [D.I. 332] § 5.3 (D. Del. Oct. 14, 2014); *Silver Peak Sys., Inc. v. Riverbed Tech., Inc.*, C.A. No. 11-484-RGA-CJB, Final Jury Instructions [D.I. 281] § 5.3 (D. Del. Apr. 1, 2014).

#86807641v2

### 6.4.    SOCIAL MEDIA

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as the telephone, a cell phone, smart phone, iPhone, blackberry or computer, the internet, any internet service, any text or instant messaging service, any internet chat room, blog, or website such as Facebook, MySpace, Linkedin, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations.

AUTHORITY:

*Comcast IP Holdings I, LLC v. Sprint Commc'ns Co. L.P.*, C.A. No. 12-205-RGA-CJB, Final Jury Instructions [D.I. 332] § 5.4 (D. Del. Oct. 14, 2014); *Silver Peak Sys., Inc. v. Riverbed Tech., Inc.*, C.A. No. 11-484-RGA-CJB, Final Jury Instructions [D.I. 281] § 5.4 (D. Del. Apr. 1, 2014); *Tarkus Imaging, Inc. v. Adobe Sys., Inc.*, C.A. No. 10-cv-063-LPS, Final Jury Instructions [D.I. 479] § 6.4 (D. Del., June 27, 2012).

#86807641v2

### 6.5.    COURT HAS NO OPINION

Let me finish up by repeating something that I said to you earlier. Nothing that I have

said or done during this trial was meant to influence your decision in any way. You must decide

the case yourselves based on the evidence presented.

AUTHORITY:

Delaware Uniform Patent Jury Instructions §7.4; *Comcast IP Holdings I, LLC v. Sprint Commc'ns Co. L.P.*, C.A. No. 12-205-RGA-CJB, Final Jury Instructions [D.I. 332] § 5.5 (D. Del. Oct. 14, 2014); *Silver Peak Sys., Inc. v. Riverbed Tech., Inc.*, C.A. No. 11-484-RGA-CJB, Final Jury Instructions [D.I. 281] § 5.5 (D. Del. Apr. 1, 2014).