IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SPRINT COMMUNICATIONS COMPANY
L.P.,

        Plaintiff,

v.

COMCAST IP HOLDINGS, LLC, et al.,

        Defendants.

Civil Action No. 12-1013-RGA

MEMORANDUM ORDER

Presently before the Court are Comcast's Motions for Summary Judgment filed on October 6, 2014. (D.I. 167, 170 & 173). The matters have been fully briefed (D.I. 168, 171, 174, 193, 196, 200, 218, 219 & 220), and the parties appeared for oral argument on January 8, 2015. (D.I. 239). **IT IS HEREBY ORDERED** that Comcast's Motion for Summary Judgment of Non-Infringement of the '605 and '339 Patents (D.I. 167) is **DENIED**; Comcast's Motion for Summary Judgment of Non-Infringement of the '832 Patent (D.I. 173) is **DENIED**; and Comcast's Motion for Summary Judgment of Invalidity of the '832 Patent (D.I. 173) is **GRANTED**.

## II. LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the initial burden of proving the absence of a genuinely disputed material fact relative to the claims in question. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). Material facts are those "that could affect the outcome" of the proceeding, and "a

1

dispute about a material fact is 'genuine' if the evidence is sufficient to permit a reasonable jury to return a verdict for the nonmoving party." *Lamont v. New Jersey*, 637 F.3d 177, 181 (3d Cir. 2011) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The burden on the moving party may be discharged by pointing out to the district court that there is an absence of evidence supporting the non-moving party's case. *Celotex*, 477 U.S. at 323.

The burden then shifts to the non-movant to demonstrate the existence of a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986); *Williams v. Borough of West Chester, Pa.*, 891 F.2d 458, 460–61 (3d Cir. 1989). A non-moving party asserting that a fact is genuinely disputed must support such an assertion by: "(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials; or (B) showing that the materials cited [by the opposing party] do not establish the absence . . . of a genuine dispute . . . ." Fed. R. Civ. P. 56(c)(1).

When determining whether a genuine issue of material fact exists, the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Scott v. Harris*, 550 U.S. 372, 380 (2007); *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007). A dispute is "genuine" only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson*, 477 U.S. at 247–49. If the non-moving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to judgment as a matter of law. *See Celotex Corp.*, 477 U.S. at 322.

2

## II. DISCUSSION

### A. '605 and '339 Patents

#### 1. Non-Infringement

Comcast moves for summary judgment that its accused networks do not literally infringe the '605 and '339 patents. (D.I. 167). Comcast argues that the add/drop muxes (ADMs) in its accused networks are shared by multiple rings, and thus are not "ring terminals." (D.I. 168 at 6). The Court defined "ring terminal(s)" as "a network element that includes a SONET add/drop mux (ADM) and is capable of receiving, switching, grooming, and transmitting SONET traffic on the connected SONET spans." (D.I. 119 at 2). Comcast argues that the patent claims require "ring terminals" to be "unique" to each ring, and thus they cannot be shared by multiple rings, as is the case in Comcast's accused networks. (D.I. 168 at 6). Sprint's expert, Dr. Alan Willner, opines that the "interface cards" present in the SONET platforms in the accused Comcast systems constitute unique "ring terminals," as required by the claims. (D.I. 193 at 13–14). Therefore, I find that there is a genuine issue of disputed material fact as to whether an "interface card" constitutes a "ring terminal," and thus deny the motion.

### B. '832 Patent

#### 1. Non-Infringement

Comcast moves for summary judgment that its accused products and methods do not literally infringe any of the asserted claims of the '832 patent. (D.I. 173). Comcast argues that the accused products and methods do not contain "telephony cards," and thus cannot interface with a "session manager." (D.I. 174 at 7). Each patent claim requires a "software agent," which the Court construed as "a software interface between a session manager and a telephony card." (D.I. 119 at 2). Sprint relies on its technical expert, Dr. Arthur Brody, who opined in his opening

3

report that Comcast's eMTA and eDVA devices contain firmware (*i.e.*, a "software agent") that interfaces with "telephony interfaces" that are embedded in the devices. (D.I. 202 at 19 ¶ 374). Based on this information, Dr. Brody concluded that the eMTA and eDVA devices have "telephony cards," as required by the '832 claims. (*Id.* at 34 ¶ 443 & 38 ¶ 451). Whether the eMTA and eDVA devices contain "telephony cards" is a genuine issue of disputed material fact, and thus the motion is denied.

Comcast also argues that Sprint's doctrine of equivalents argument should be excluded because it was only asserted in Sprint's expert's reply report, which was received after fact discovery had concluded. (D.I. 174 at 7–8). Although Comcast did not have an opportunity to address this argument in its expert report, it did address it in its expert's deposition (D.I. 203, Ex. C at 15, 250:20–23), and may further address the issue at trial. Therefore, Sprint may present its doctrine of equivalents argument before the jury.

### 2. Anticipation

Comcast moves for summary judgment that the '832 patent claims are invalid as anticipated. (D.I. 173). Comcast argues that U.S. Patent No. 6,141,339 (the "Kaplan patent") (D.I. 175-9) constitutes a prior art reference, and anticipates all of the asserted claims of the '832 patent. (D.I. 174 at 21). The parties agree that the Kaplan patent discloses each of the elements of the asserted claims in the '832 patent. (D.I. 239 at 59:19–25; *see also* D.I. 200 at 18). Under Section 102(e) of title 35, a patent may be anticipated where "the invention was described in . . . a patent granted on an application for patent by another filed in the United States before the invention by the applicant for patent." 35 U.S.C. § 102(e) (2000).[1]

---

[1] The '832 patent issued from an application that was filed before March 16, 2013, and thus the pre-American Invents Act provisions of 35 U.S.C. § 102(e) apply. (D.I. 47-5 at 2).

4

Sprint makes two arguments. The first is that the Kaplan patent is not prior art because it has a shared inventor with the '832 patent, and does not meet the "by another" requirement of Section 102(e).[2] (D.I. 239 at 58:9–11). The Federal Circuit has made clear that "an application issued to the same inventive entity cannot be prior art under section 102(e)" because it does not constitute an application "by another." *Riverwood Int'l Corp. v. R.A. Jones & Co.*, 324 F.3d 1346, 1355–56 (Fed. Cir. 2003). The Federal Circuit has also stated that "the district court must look beyond the superficial fact that the references were issued to different inventive entities," and determine "whether the portions of the reference relied on as prior art, and the subject matter of the claims in question, represent the work of a common inventive entity." *Id.* at 1356.

Here, both patents claim a slew of inventors. There is one inventor in common, Mr. Abdullah Murat Bog. Because the patents do not claim an identical set of inventors, they are not, on the surface, invented by the same "inventive entity." The Court, however, must look beyond this fact, and determine if the subject matter in the asserted claims represents the work of a common inventive entity. Mr. Bog testified that building the prototypes for the '832 patent was the result of "very close collaborations," and that the co-inventors "worked together in the same room" on a day-to-day basis. (D.I. 175-2 at 114:10–15). Mr. Bog also testified that not all, but some, of the co-inventors on the '832 patent worked with the co-inventors of the Kaplan patent to develop prototypes. (*Id.* at 114:16–22). Mr. Tracey Bernath, another co-inventor of the '832 patent, also testified that developing the claimed subject matter "was very collaborative," and that "we all contributed to all aspects of it." (D.I. 175-4 at 38:9–12 & 53:14–23). He also stated

---

[2] Sprint argued in its brief that its validity arguments regarding the Kaplan patent did not turn on the question of "different inventive entities" (D.I. 200 at 16), but reasserted this argument during oral argument (D.I. 239 at58:9–11). The Court noted Comcast's objection to Sprint raising arguments that were not addressed in its brief. (*Id.* at 58:12–14).

5

that, "I don't think there's a single component of it that is exclusively mine." (*Id.* at 53:15–16). Mr. Bog and Mr. Bernath make it clear that no one inventor was responsible for specific claims of the '832 patent. Therefore, even though Mr. Bog was an inventor of both the '832 and the Kaplan patent, the two patents do not share a common inventive entity, as there is no evidence from which the factfinder could conclude that Mr. Bog was solely responsible for the asserted claims of the '832 patent and the anticipating disclosures of the Kaplan patent.

Sprint's second argument is that the '832 patent was conceived of, and reduced to practice, prior to the filing date of the Kaplan patent. (D.I. 200 at 16). Under Section 102(g)(2) of title 35, "priority of invention goes to the first party to reduce an invention to practice unless the other party can show that it was the first to conceive the invention and that it exercised reasonable diligence in later reducing that invention to practice." *Mahurkar v. C.R. Bard, Inc.*, 79 F.3d 1572, 1577 (Fed. Cir. 1996). "Conception is the formation in the mind of the inventor, of a definite and permanent idea of the complete and operative invention, as it is hereafter to be applied in practice." *Allergan, Inc. v. Apotex Inc.*, 754 F.3d 952, 967 (Fed. Cir. 2014) (internal quotation marks omitted). "A conception must encompass all limitations of the claimed invention, and is complete only when the idea is so clearly defined in the inventor's mind that only ordinary skill would be necessary to reduce the invention to practice, without extensive research or experimentation." *Singh v. Brake*, 317 F.3d 1334, 1340 (Fed. Cir. 2003) (citations and internal quotation marks omitted). "The issue of conception is a question of law," and "all of the evidence of record must be collectively evaluated in determining when the invention was conceived." *Spansion, Inc. v. Int'l Trade Comm'n*, 629 F.3d 1331, 1356 (Fed. Cir. 2010).

Sprint relies on Mr. Bernath, one of the named inventors for the '832 patent, to support its conception argument. (D.I. 200 at 17). Mr. Bernath testified during his deposition that the

6

inventors of the '832 patent had demonstrated the claimed invention to Sprint employees in February 1997. (D.I. 175-4 at 53:24–54:20). The Federal Circuit, however, has made clear that "an inventor's oral testimony regarding conception must be corroborated by evidence which shows that the inventor disclosed to others his completed thought expressed in such clear terms as to enable those skilled in the art to make the invention." *Spansion*, 629 F.3d at 1356. To meet the corroboration requirement, Sprint relies on the testimony of a former employee, Mr. Michael Setter, who was the attorney that prepared the Kaplan patent application. (D.I. 200 at 17). Mr. Setter testified that he believes he witnessed "informal" demonstrations of the invention disclosed in the '832 patent in early 1997. (D.I. 203, Ex. F at 92, 36:23–25). Despite remembering the approximate time period, Mr. Setter could not recall any of the specific features of the demonstrated invention. Further, these demonstrations were not memorialized in any way. (*Id.* at 93, 39:1–3).[3] Thus, I have no evidence that the demonstrations incorporated all of the limitations of the claimed invention. Additionally, Mr. Setter, as the patent prosecutor and an employee of Sprint at the time of the demonstration, who still represents Sprint as an attorney to this day, is an interested party. Therefore, Mr. Setter's cursory testimony does not provide sufficient independent corroboration to establish that the '832 patent has a conception date earlier than April 4, 1997, the filing date of the Kaplan patent. It follows that the Kaplan patent is prior art, and anticipates the '832 patent.

For the reasons set forth above, **IT IS HEREBY ORDERED** that Comcast's Motion for Summary Judgment of Non-Infringement of the '605 and '339 Patents (D.I. 167) is **DENIED**; Comcast's Motion for Summary Judgment of Non-Infringement of the '832 Patent (D.I. 173) is

---

[3] The absence of any written, or other contemporaneous, records by the inventors and a patent prosecutor, given the professional training and incentives they all shared to document their work, is hard to ignore.

7

**DENIED**; and Comcast's Motion for Summary Judgment of Invalidity of the '832 Patent (D.I. 173) is **GRANTED**.

Entered this 30th day of January, 2015.

*Richard G. Andrews*
United States District Judge