IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SPRINT COMMUNICATIONS COMPANY L.P.,    )
                                       )
                Plaintiff,             )
                                       )
        v.                             )        Civ. No. 12-1013-RGA
                                       )
COMCAST CABLE COMMUNICATIONS, LLC      )
and COMCAST IP PHONE, LLC,             )
                                       )
                Defendants.            )

**MEMORANDUM ORDER**

Presently before the court is Defendants' Motion to Declare This Case Exceptional Pursuant to 35 U.S.C. § 285. (D.I. 329).

## I.    PROCEDURAL BACKGROUND

On August 28, 2012, Plaintiff Sprint Communications Company brought suit against Defendants Comcast Cable Communications, LLC and Comcast IP Phone, LLC alleging infringement of six of its patents related to telecommunications and data networking. (D.I. 18). On October 6, 2014, Comcast moved for summary judgment of non-infringement and invalidity of U.S. Patent Nos. 5,742,605 and 6,108,339 (collectively, the "SONET patents"). I denied summary judgment. The case proceeded to a jury trial on Sprint's claims for infringement of the SONET patents. All other patents in suit were eliminated from the case on or before January 30, 2015. (D.I. 330 at 3).

On February 6, 2015, the jury found that Comcast infringed the SONET patents and awarded Sprint $27.6 million in damages. (D.I. 270). The court entered judgment that same day. (D.I. 273). On August 7, 2015, the court granted Comcast's motion for judgment as a matter of

1

law and, in the alternative, granted Comcast's motion for a new trial on infringement. (D.I. 320). Sprint appealed. (D.I. 324). The appeal is pending.

## II.   STANDARD OF REVIEW

The Patent Act provides that the court "in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. The Supreme Court has defined an "exceptional" case as "simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S.Ct. 1749, 1756 (2014). When considering whether a case is exceptional, district courts are to exercise their discretion on a case-by-case basis, considering the totality of the circumstances. *Id.* Relevant factors for consideration include "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 1756 n.6 (internal quotations marks omitted). A movant must establish its entitlement to attorneys' fees under Section 285 by a preponderance of the evidence. *Id.* at 1758.

## III.   DISCUSSION

Sprint argues that I should defer ruling on this motion until the appeal is decided. (D.I. 334 at 20). Sprint argues, not unreasonably, that the Federal Circuit's decision may moot this motion, or may clarify some issues relating to it. Comcast opposes, encouraging "swift resolution" (D.I. 336 at 10), with the idea that the Federal Circuit may be able to decide both issues at once. Unfortunately, I have not swiftly resolved this motion, and the Federal Circuit docket reflects that briefing has been completed, and oral argument is likely to be scheduled for the near future. (*See* No. 15-1989 (Fed. Cir.), D.I. 48).

I think Sprint has a point. I am going to dismiss Comcast's motion without prejudice to its being renewed within thirty days of the issuance of the mandate. I do this for a number of reasons.

One, a Federal Circuit decision on the appeal is likely to make the resolution of this motion easier. It is entirely possible that the Federal Circuit could reverse the judgment in this case, thereby mooting the fees motion. It is possible that the Federal Circuit could affirm, and indicate – perhaps indirectly through what it writes – that this is a close case.[1] It is also possible that the Federal Circuit could issue a Rule 36 affirmance. A Rule 36 affirmance would be unlikely to be of much assistance. Overall, deciding the issue in light of the decision on appeal is likely to make the decision easier and better.

Two, I am very doubtful of the merits of this motion.

I get a lot of these motions; most of the time I can see them coming. This one caught me by surprise. I note the sentiment of Chief Judge Stark, who observed that this court "handles a large number of patent cases and presides over many patent trials." *Ateliers de la Haute-Garonne v. Broetje Automation-USA Inc.*, 85 F. Supp. 3d 768, 783 (D. Del. 2015). I saw hard fought litigation. My holistic and contemporaneous evaluation of the litigation was that the argument and conduct of both sides was within the mainstream for these sorts of cases.

Further, notwithstanding that I granted Comcast judgment as a matter of law, I recognize the jury sided with Sprint. Comcast was unable to persuade the jury of the merits of its case.

Finally, Comcast argues that this case is exceptional because Sprint took "objectively unreasonable positions to evade summary judgment and prosecute its infringement case at trial," and advanced those baseless positions through litigation misconduct. (D.I. 330 at 1, 10). The

---

[1] I recently had a section 285 motion after a Federal Circuit decision that treated the main issue in the case as an issue worthy of a precedential decision. The decision made the motion much easier to decide. It would be pretty hard to succeed on the theory that the losing side's argument was objectionably unreasonable under such circumstances.

3

cases cited in support of this argument, however, present much different, and much more egregious, facts than those in this case. *See, e.g., Bayer CropScience AG v. Dow AgroSciences LLC*, 2015 WL 108415, at *4-7 (D. Del. Jan. 5, 2015) (finding patentee's infringement claim plainly non-meritorious where, among other things, it was considered baseless by several of its own witnesses); *Chi. Bd. Options Exch., Inc. v. Sec. Exch., LLC*, 2014 WL 6978644, at *5-6 (N.D. Ill. Dec. 10, 2014) (finding plaintiff's litigation position weak where, after remand, it repeatedly re-litigated a claim construction foreclosed by the Federal Circuit's ruling on appeal); *Kilopass Tech. Inc. v. Sidense Corp.*, 2014 WL 3956703, at *10 (N.D. Cal. Aug. 12, 2014) (noting, among other things, that patentee pursued claims for literal infringement despite advice from its own counsel that a literal infringement claim had no merit), *app. dismissed,* No. 15-1506, D.I. 67 (Fed. Cir. May 13, 2016).

In any event, I do not think the best course of action here is actually to decide the motion at this time. Therefore, I will dismiss it without prejudice, and provide for a time frame within which to renew it after the appeal is decided.

NOW, THEREFORE, at Wilmington this *18* day of August, 2016, it is HEREBY ORDERED that:

1.  Defendants' Motion to Declare This Case Exceptional Pursuant to 35 U.S.C. § 285 (D.I. 329) is **DISMISSED without prejudice**; and

2.  The time for Comcast to file a renewed motion to declare the case exceptional is **EXTENDED** thirty days from the date when the Court of Appeals for the Federal Circuit issues the mandate in appeal No. 15-1989.

United States District Judge

4