IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SPRINT COMMUNICATIONS COMPANY L.P., | ) ) ) |
| Plaintiff, | ) ) C.A. No. 12-1013-RGA (CJB) |
| v. | ) ) |
| COMCAST CABLE COMMUNICATIONS, LLC and COMCAST IP PHONE, LLC, | ) ) ) |
| Defendants. | ) ) ) |

## DEFENDANTS' COMCAST CABLE COMMUNICATIONS, LLC AND COMCAST IP PHONE, LLC'S BILL OF COSTS

Pursuant to Rule 54(d) of the Federal Rules of Civil Procedure, District of Delaware Local Rule 54.1, 5 U.S.C. §5702, 28 U.S.C. §1821 and 28 U.S.C. §1920, Defendant Comcast Cable Communications, LLC and Comcast IP Phone, LLC ("Comcast"), as prevailing party at a jury trial commencing February 2, 2015 as set forth in the Mandate of the United States Federal Circuit Court of Appeals, dated February 17, 2017 (D.I 338), attached hereto as Exhibit A, seeks payment from Plaintiff Sprint Communications Company L.P. ("Sprint") of its costs described below. A form Bill of Costs is attached hereto as Exhibit B. Documentation and verification of these costs is contained in the Affidavit of Mary I. Akhimien filed herewith. Where items have been estimated, Comcast has made a good faith effort to estimate the cost of a particular item; or, in the case of an estimate of the number of copies of a pleading or an exhibit, the number of pages of such pleading or exhibit.

I. **COSTS OF DEPOSITIONS**

   A. Authority for Costs

The reporter's reasonable charges for the original of a deposition and the videotape are taxable where a substantial portion of the deposition is admitted into evidence at trial or otherwise used in the resolution of a material issue in the case. D. Del. LR 54.1(b)(3). Videotape depositions are specifically authorized by D.Del. LR 30.4. Notary fees also are recoverable. *Id. See* Akhimien Aff. Ex. B, Tab 1, (deposition and videographer invoices). For the Court's convenience, Tab 1 also includes summary charts of the charges sought by Plaintiff.

   B. Itemization of Costs--Depositions

   (1) Alan Willner

Dr. Willner was one of Sprint's expert witnesses at trial who testified that the accused products infringed the claims of the Sprint patents.

Dr. Willner's deposition was critical for the preparation of cross-examination questions about the expert testimony he presented at the trial, including testimony regarding his review of Comcast technical documentation and his inferences about how Comcast configured and operated its networks. Dr. Willner was referred to his deposition testimony during cross-examination.

   (a) Court reporter and original Deposition:

   October 1, 2014          $2,262.85

   **TOTAL:      $2,262.85**

   (2) Dr. Debra Aron

Dr. Aron was Sprint's damages expert at trial. Dr. Aron's damages calculation was based on a tally of route-miles in which multiple infringing networks were purportedly "stacked

within a single fiber route," and the supposed cost to Comcast to build or lease alternative physical routes for each such network to avoid stacking. Dr. Aron's deposition was critical for the preparation of cross-examination questions regarding her calculation of damages. Dr. Aron was referred to her deposition during cross examination.

    (a)  Court reporter and original Deposition:

      November 20, 2014        $1,822.04

             **TOTAL:**  **$1,822.04**

  (3)  <u>Robert Azzi</u>

Robert Azzi was the former Senior Vice President and Chief Network Officer at Sprint. Mr. Azzi's deposition transcript was critical for the preparation of cross-examination by Comcast's counsel.

    (a)  Court reporter and original Deposition:

      June 3, 2014         $1,508.95

             **TOTAL:**  **$1,508.95**

  (4)  <u>Michael Logan</u>

Michael Logan was a Design Engineer for Sprint who worked on Sprint's converged network. Mr. Logan testified about many technical issues, including SONET add/drop mux (ADM). Mr. Logan's deposition was critical for the preparation of cross-examination questions regarding the matters he testified about on direct examination.

    (a)  Court reporter and original Deposition:

      May 29, 2014         $670.35

             **TOTAL:**  **$670.35**

(5) <u>Charles Norman</u>

Charles Norman was the former Chief Technologist and the inventor of the two patents that were at issue in this matter. Mr. Norman's deposition was critical for the preparation of cross-examination questions regarding the matters he testified about on direct examination.

    (a)    Court reporter and original Deposition:

              November 15, 2013                  $1,033.60

                                   **TOTAL:**    **$1,033.60**

(6) <u>Timothy Ori</u>

Timothy Ori was a Branch Sales Manager for Sprint. Comcast presented portions of Mr. Ori's videotaped deposition to the jury.

    (a)    Court reporter and original Deposition:

              February 18, 2014                  $2,586.30

    (b)    Videotaping:

              February 18, 2014                  $350.00

                                   **TOTAL:**    **$2,886.30**

**TOTAL FOR DEPOSITIONS and VIDEOTAPE:**    **$10,184.09**

## II. WITNESS FEES, SUBSISTENCE, TRAVEL AND EXPENSES

### A. Authority for Costs

Costs for expenses of trial witnesses are recoverable even if the witness does not take the stand, provided the witness necessarily attends the Court. D.Del. Local Rule 54.1(b)(4). Taxable witness fees and expenses include: the statutory witness fee of $40.00 per day of attendance; travel expenses to and from the place of attendance; toll charges for toll roads, bridges, tunnels, parking and taxi cab fare; and a subsistence allowance. D.Del. Local Rule 54.1(b)(4); 28 U.S.C. §1821. Subsistence allowance shall be paid in an amount not to exceed the maximum per diem allowance pursuant to 5 U.S.C. §5702(a). 28 U.S.C. §1821(d)(2). For Wilmington, Delaware, the maximum per diem subsistence allowance at the time the cost was incurred (including lodging and meals and incidental expenses ("M&IE")) was $147.00. 41 C.F.R. §301, App. A. The witnesses stayed in the Hotel duPont in Wilmington that charged per diem rates up to $299.00 plus state tax of $23.92 per day and city tax of $5.98 per day, which is in excess of the maximum allowable in 41 C.F.R. §301, App. A. Thus, the witness' actual room rates and other charges exceed the maximum daily subsistence allowance reflected in the per diem rates, and costs have been calculated according to the maximum daily rate. *See* Akhimien Aff., Ex. B, Tab 2 (Witness invoices reflecting travel costs).

### B. Itemization of Costs--Witnesses

(1) Dr. Paul Prucnal: Testified at trial on February 4, 2015.
Travel and attendance required 6 days.

Subsistence: $908.00 (lodging $120 x 5; M&IE $56 x 4 and $42 x 2)
Train: $162.00
Travel expenses including to and from train stations: $132.00

**TOTAL: $ 1,202.00**

(2) Dr. Julie Davis: Testified at trial on February 5, 2015.

          Travel and attendance required 2 days.

    Subsistence: $204.00 (lodging $120 x 1; M&IE $42 x 2)

**TOTAL: $204.00**

(3)    Davis A. Johnson:    Testified at trial on February 4, 2015.
                              Travel and attendance required 4 days.

Subsistence: $908.00 (lodging $120 x 3; M&IE $56 x 1 and $42 x 2)

**TOTAL: $908.00**

(4)    James McCurdy:    Testified at trial on February 4, 2015.
                              Travel and attendance required 4 days.

Subsistence: $908.00 (lodging $120 x 3; M&IE $56 x 1 and $42 x 2)
Airfare: $1016.20
Travel expenses including to and from airports: $334.32

**TOTAL: $ 2,258.52**

(5)    Phillip Miller: Testified at trial on February 4, 2015.
                              Travel and attendance required 2 days.

Subsistence: $204.00 (lodging $120 x 1; M&IE $42 x 2)
Mileage: $ 102.93

**TOTAL: $ 306.93**

Lodging and subsistence was necessary for each of Comcast's witnesses because of the distance each witness lived from Wilmington. All of Comcast's witnesses other than Dr. Prucnal are entitled to subsistence since the mileage fees would be greater than the subsistence fees under D. Del. Local Rule 54(b)(4). Comcast also respectfully requests that subsistence costs for Dr. Prucnal be permitted because the distances he lives from Wilmington would have imposed an arduous travel day. 28 U.S. § 1821(d)(1). Dr. Prucnal lives in Princeton, New Jersey which is 72 miles from Wilmington, which would have meant he drive 144 miles each day he was needed to be in Wilmington for the trial.

    (6) State Lodging Tax  **TOTAL: $124.80**

  Lodging taxes are a permitted expense over and above the subsistence rate. 41 C.F.R. §301-11.27. This figure is $120.00 per night (the maximum hotel rate for Wilmington) multiplied by the number of lodging nights sought (13) and then multiplied by the eight percent Delaware lodging tax.

**TOTAL FOR FEES, SUBSISTENCE, TRAVEL & EXPENSES: $5,004.25**

{05299203.DOC.3}    7

### III. COPIES OF PAPERS

(1) <u>Authority of Costs</u>

D.Del. LR 54.1(b)(5) provides that the cost of an exhibit necessarily attached to a document required to be filed and served is taxable. The cost of one copy of a document is taxable when admitted into evidence in lieu of an original which is not available for introduction into evidence. *Id.* Fees for exemplification and copies of papers necessarily obtained for use in the case are taxable under 28 U.S.C. §1920.

(2) <u>Plaintiff's Pleadings and Trial Exhibits</u>

Pursuant to D.Del. L.R. 54(b)(5), Comcast seeks allowance of the cost of one copy of each pleading it filed, as well as one copy of all exhibits attached to the pleadings. All pleadings and exhibits were required in the prosecution of the lawsuit. Comcast also seeks the cost of one set of trial exhibits. *See* Akhimien Aff., Ex. B, Tabs 4 and 5 (Docket and Trial Exhibit List).

| | |
|---|---|
| Copies of Pleadings (3,674 pages x $.20) | $ 734.80 |
| Copies of Exhibits to Pleadings (9,064 x $.20) | $ 1,812.80 |
| Trial Exhibits (35,374 pages x $.20) | $ 7,074.80 |
| **TOTAL FOR COPYING:** | **$ 9,622.40** |

(3) <u>Cost of obtaining U.S. Patent Office Records</u>

Comcast seeks allowance of the costs for fees charged to obtain records from the U.S. Patent Office of relevant patents, including file wrappers and prior art references. D.Del. LR 54.1(b)(5). *See* Akhimien Aff., Ex.B, Tab 5 (Copies of invoices or charges incurred for obtaining Patent Office records).

| | |
|---|---|
| U.S. Patent No. 5,742,605 (Norman) and file wrapper: | $ 255.25 |
| U.S. Patent No. 6,108,339 (Norman) and file wrapper: | $ 132.75 |

                            **TOTAL FOR PATENT OFFICE RECORDS:   $ 388.00**

                            **TOTAL FOR COPIES OF PAPERS            $ 10,010.40**


# GRAND TOTAL SOUGHT:   $25,198.74

Dated:   March 3, 2017

Of Counsel:

DAVIS POLK & WARDWELL LLP
Matthew B. Lehr (#2370)
Anthony I. Fenwick (*pro hac vice*)
David J. Lisson (*pro hac vice*)
Micah G. Block (*pro hac vice*)
Alyse L. Katz (*pro hac vice*)
DAVIS POLK & WARDWELL LLP
1600 El Camino Real
Menlo Park, CA 94025
Tel:   (650) 752-2000
Fax:   (650) 752-2111
matthew.lehr@davispolk.com
anthony.fenwick@davispolk.com
david.lisson@davispolk.com
micah.block@davispolk.com
alyse.katz@davispolk.com

WINSTON & STRAWN LLP
Michael L. Brody (*pro hac vice*)
35 W. Wacker Drive
Chicago, IL 60601
Tel:   (312) 558-5600
mbrody@winston.com

WINSTON & STRAWN LLP
Krishnan Padmanabhan (*pro hac vice*)
200 Park Avenue
New York, NY 10166
Tel:   (212) 294-6700
kpadmanabhan@winston.com

Respectfully submitted,

CONNOLLY GALLAGHER LLP

By:   */s/Arthur G. Connolly III*
Arthur G. Connolly, III (#2667)
Ryan P. Newell (#4744)
Mary I. Akhimien (#5448)
The Brandywine Building
1000 West St., Suite 1400
Wilmington, DE 19801
Tel:   (302) 757-7300
aconnolly@connollygallagher.com
rnewell@connollygallagher.com

*Attorneys for Defendants Comcast Cable Communications, LLC and Comcast IP Phone, LLC*